[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-12605
Non-Argument Calendar

————————————————

D.C. Docket No. 1:14-cr-20017-KMW-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTIAN RAMIREZ,
a.k.a. Joker,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(October 7, 2016)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Christian Ramirez pleaded guilty to conspiring to possess with intent to distribute 28 grams or more of crack cocaine and detectable amounts of marijuana and Methylenedioxymethcathinone (MDMC), in violation of 21 U.S.C. § 846, and was sentenced to 121 months imprisonment.  He contends that his guilty plea was not knowing and voluntary, that the government breached its plea agreement, and that the sentence is substantively unreasonable.

## I.

A second superseding indictment charged Ramirez with conspiracy to possess with intent to distribute 280 grams or more of crack cocaine and detectable amounts of marijuana and MDMC, substantive possession with intent to distribute crack cocaine, and possession of a firearm in furtherance of a drug trafficking crime.  Four months later, without a written plea agreement, he entered into a plea deal with the government.  Under the terms of the deal, the government dismissed the second superseding indictment and filed a superseding information charging Ramirez with a single offense:  conspiracy to possess with intent to distribute 28 grams or more of crack cocaine and detectable amounts of marijuana and MDMC.  Ramirez agreed to and signed the government's factual proffer, stipulating that he distributed "over 28 grams" of crack cocaine and was "responsible [for] up to 840

2

grams of cocaine base, based on the reasonably foreseeable actions of his co-conspirators." He pleaded guilty that same day.

The presentence investigation report (PSR) calculated Ramirez's guidelines range as 121 to 151 months imprisonment, finding him responsible for 280 grams or more of crack cocaine for sentencing purposes. Ramirez objected to that finding, arguing that he should be responsible for only 28 to 112 grams. The government opposed Ramirez's objection, and the district court overruled it. If the court had attributed 28 grams to Ramirez, instead of 280, it would have reduced his base offense level by four levels.

## II.

Ramirez contends that the district court plainly erred by finding that his guilty plea was knowing and voluntary because he did not understand the sentencing consequences of the plea. Federal Rule of Criminal Procedure 11 requires that the judge ascertain in open court that the defendant's plea is knowing and voluntary before accepting the plea. Because Ramirez did not raise a Rule 11 challenge or move to withdraw his guilty plea in district court, we review only for plain error.

"An appellate court may not correct an error the defendant failed to raise in district court unless there is: (1) error, (2) that is plain, and (3) that affects

3

substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). Even if all three of those conditions are met, we may consider a forfeited error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Cotton, 535 U.S. at 631, 122 S. Ct. at 1785).

Ramirez contends that he did not understand the consequences of his plea because the district court never explained to him that he could be accountable for the conduct of his co-conspirators. That is simply not true. During the plea colloquy the court told him that the superseding information he was pleading guilty to charged him with possession of 28 grams or more "as a result of [his] own conduct, as well as the conduct of other co-conspirators or conspirators reasonably foreseeable to the defendant." And in the factual proffer Ramirez stipulated that he was "responsible [for] up to 840 grams of cocaine base, based on the reasonably foreseeable actions of his co-conspirators." The district court did not err by accepting Ramirez's plea as knowing and voluntary.

## III.

Ramirez also contends that the government breached its plea deal when it opposed his objection to the PSR. Because he did not raise this issue in district court, it too is reviewed only for plain error. Rodriguez, 398 F.3d at 1298.

4

Ramirez asserts that the factual proffer submitted with his plea established that he was responsible for only 28 grams of crack cocaine.  He argues that the government, by accepting that plea deal, was bound to support — or at least not oppose — his objection to the PSR finding that he was responsible for 280 grams or more.  This argument fails because the factual proffer actually stipulated that Ramirez was responsible for "over 28 grams" and "up to 840 grams, based on the reasonably foreseeable actions of his co-conspirators."

Along the same lines, he asserts that he received no benefit from his bargain because at sentencing the government argued that he was responsible for 280 grams of crack cocaine — the same amount charged in the second superseding indictment.  Not so.  First of all, when the government dismissed that indictment and charged him by information, his mandatory minimum sentence was lowered. That is because the crime charged in the superseding information, conspiracy to possess 28 grams or more of crack cocaine, has a mandatory minimum of only five years, compared to a mandatory minimum of ten years for conspiracy to possess 280 grams or more.  Second, by dismissing the second superseding indictment the government dropped an 18 U.S.C. § 924(c) charge that carried the possibility of a life sentence.  Because the government's actions complied with the plea deal and

5

Ramirez did receive significant benefits from the deal, he has not shown that the district court erred, plainly or otherwise.[1]

## IV.

Ramirez's final contention is that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  We will vacate a sentence as substantively unreasonable "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quoting United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008)).

In determining Ramirez's sentence, the court reasonably considered the § 3553(a) factors.  The court noted that Ramirez had a history of violent crime, including attempted murder, and firearms offenses.  As part of the factual proffer, Ramirez admitted to being a member of a violent drug-dealing gang.  And even

---

[1] Ramirez filed a Federal Rule of Appellate Procedure 28(j) letter brief contending that our recent decision in United States v. Hunter, — F.3d —, No. 15-12640, 2016 WL 4490490 (11th Cir. Aug. 26, 2016), supports his claim that the government breached its plea deal. Although we did hold in Hunter that the government breached its plea deal, that case is factually distinct because the government had promised to request on specific grounds a two-level reduction in the applicable sentencing guidelines range, and then at sentencing moved for an upward variance instead.  By contrast, the government here fulfilled its promises by dropping two charges and reducing the mandatory minimum applicable to Ramirez.

though he took steps to become employed, selling crack cocaine remained his principal occupation until his arrest.  Ramirez asserts that it was unreasonable for the district court to take into account the conduct of his co-conspirators when determining his sentence.  But Ramirez himself stipulated that he was responsible for "over 28 grams" and "up to 840 grams of cocaine base, based on the reasonably foreseeable actions of his co-conspirators."  It was not a clear error of judgment for the district court to determine that 121 months imprisonment, which was at the bottom of Ramirez's guidelines range, was an appropriate sentence.  The district court did not abuse its discretion.[2]

**AFFIRMED.**

---

[2] Nearly five months after filing his reply brief, Ramirez requested leave to file a supplemental brief.  In this brief Ramirez would argue that he is entitled to a "mitigating role adjustment" under Amendment 794 to the sentencing guidelines.  A party abandons a claim if he does not "plainly and prominently" raise it in his briefs.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680–81 (11th Cir. 2014) (quoting Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013)).  Amendment 794 became effective in November 2015, well before Ramirez filed his opening brief, and he made no mention of this argument in either his opening brief or his reply brief.  It is therefore abandoned and we will not consider it.  Ramirez's motion to file a supplemental brief is **DENIED.**