[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17485
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cv-00590-MHT-WC

JEREMY PAUL GOLSON,
d.b.a. Jeremy Paul Golson,

                                                            Plaintiff-Appellant,

versus

MIGUEL A. PINEDA,
an individual,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 12, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Jeremy Golson filed a lawsuit against Miguel Pineda and then attempted to serve him with the summons and complaint. Golson filed with the district court a certificate indicating that he had sent Pineda through certified mail a request that Pineda waive service of process. Golson later filed a letter from the United States Postal Service, which stated that a copy of the summons and complaint, which Golson had sent to Pineda through certified mail, was delivered but that "[t]here is no delivery signature on file for this item." Based on those documents, Golson filed two motions for default judgment against Pineda. The district court denied Golson's motions and later dismissed his complaint without prejudice. He now appeals the district court's denial of his motions for default judgment.

We review for an abuse of discretion the district court's denial of a motion for default judgment. See Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244 (11th Cir. 2015). Under Federal Rule of Civil Procedure 55(a), when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the [defendant]'s default." Fed. R. Civ. P. 55(a). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S. Ct. 1322, 1327 (1999). That means that a court cannot enter a

2

judgment, default or otherwise, against a defendant that has not either waived service of process or been properly served.

Golson failed to properly serve Pineda or show that Pineda had waived service of process and the district court did not have jurisdiction over Pineda to grant Golson's motions for default judgment. A defendant may waive service of process by returning to the plaintiff a signed waiver of service form. Fed. R. Civ. P. 4(d). Otherwise, a plaintiff must properly serve the defendant, which he can do by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under the rules of civil procedure for both Alabama (where the district court is located) and Texas (where Golson attempted to serve Pineda), service can be made by using certified mail with a return receipt. Ala. R. Civ. P. 4(i)(2); Tex. R. Civ. P. 106(a)(2).

Although the record shows that Golson mailed Pineda a waiver of service form, Pineda did not sign and return that form. And while the record shows that Golson attempted to serve Pineda by certified mail, under Alabama's and Texas' rules of civil procedure service was not effective until Golson received a return receipt bearing Pineda's signature. Ala. R. Civ. P. 4(i)(2)(C) ("Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee . . . as evidenced by signature on the return

3

receipt."); Tex. R. Civ. P. 107(c) ("When the [complaint] was served by . . . certified mail as authorized by Rule 106, the return . . . must also contain the return receipt with the addressee's signature.").  Because Golson failed to show that Pineda had been properly served (and, in fact, the letter from the Postal Service stated that there was <u>no</u> delivery signature for the mailed summons and complaint), the district court did not abuse its discretion by denying Golson's motions for default judgment.[1]

**AFFIRMED.**

---

[1] Golson also included in his notice of appeal the district court's order dismissing his complaint without prejudice.  He failed, however, to adequately brief any argument as to the dismissal of his complaint and has abandoned that claim.  <u>See</u> <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").