[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10522
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-03505-ELR

MICHAEL T. BENNETT,

          Plaintiff - Appellant,

versus

MARVEL ENTERTAINMENT, LLC,

          Defendant - Appellee,

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 30, 2019)

Before ED CARNES, Chief Judge, TJOFLAT, and JORDAN, Circuit Judges.

PER CURIAM:

## I.

Michael Bennett wrote and self-published two comic books featuring a superhero named Owl.[1]  He sent Owl Unlikely Crusader to Marvel Entertainment, LLC, in 2008 as a "writer's inquiry."  He later made Owl Knight's Quickening available on Amazon.

In 2017 Bennett filed a pro se complaint in Georgia state court alleging that Marvel and Mark Millar, a comic book writer, committed copyright infringement.  The one-page complaint alleged that Marvel and Millar used ideas from his Owl books in three of their movies, and it sought $1.2 billion dollars in damages.  Four months and one continuance later, Bennett filed a first amended complaint.  It was over 300 pages long and filled with screenshots from Marvel movies that Bennett claimed resembled scenes from his books.  Marvel removed the case to federal court based on federal question jurisdiction and moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

The district court ruled that Bennett's first amended complaint was a shotgun complaint that failed to separate the claims or specify which allegations were made against which defendants.  It also ruled that he failed to allege enough

---

[1] When reviewing an appeal of a motion to dismiss we accept the factual allegations in the complaint as true.  Quality Auto Painting Ctr. of Roselle v. State Farm Indem. Co., 917 F.3d 1249, 1260 (11th Cir. 2019).  The facts here are thus taken from the second amended complaint.

2

facts to state a copyright claim.  The court dismissed the complaint without prejudice and instructed Bennett to file a second amended complaint.

Bennett voluntarily dismissed Millar and filed a ninety-page second amended complaint against only Marvel.  Mixed in among the screenshots from Marvel movies were allegations that Marvel hacked his phone and used its movies to send him threatening messages.  Marvel moved to dismiss the second amended complaint.  The district court ruled that it was a "diary-like comparison rather than a complaint."  And because it made only generalized comparisons between Marvel's movies and the Owl books, it did not show that they were "strikingly similar."  The court dismissed Bennett's second amended complaint with prejudice for failing to state a claim.  He appeals.  He also moves to add to the record a compact disc containing evidence, to increase the amount of damages he is seeking, and to have several subpoenas issued.

## II.

We review de novo a court's dismissal of a complaint with prejudice for failure to state a claim.  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).  We liberally construe pro se litigants' pleadings.  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).  But they still must follow the procedural rules, id., including the rules governing the sufficiency of briefs on appeal, Miccosukee Tribe of Indians v. Cypress, 814 F.3d 1202, 1211 (11th Cir.

3

2015). A party on appeal must "plainly and prominently" indicate the issues it wishes to appeal. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). Arguments must be "specifically and clearly identified in the brief" or else they are abandoned. Id.

## III.

The district court dismissed Bennett's complaint for two reasons: it made broad generalized claims, and it was more of a "diary-like comparison" than a complaint. But Bennett's briefs on appeal do not address these issues; nor do they address the district court's order.

In fact, it is difficult to tell from his briefs exactly what Bennett contends. He again compares various movies, not all of which are Marvel's, with scenes from his books. He claims that Marvel hacked his phone, sent him messages through its movies, and conspired against America. But he does not state how the district court erred. Nor does he explain how he stated a claim upon which relief can be granted.

Even liberally construing his briefs, see Albra, 490 F.3d at 829, Bennett has failed to clearly identify any arguments for overturning the district court's order dismissing his second amended complaint. See Sapuppo, 739 F.3d at 680. The district court's order dismissing Bennett's complaint is **AFFRIMED**, and

Bennett's motions to introduce evidence on a CD, increase damages, and issue subpoenas are **DENIED**.