[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15163
Non-Argument Calendar

_____

D.C. Docket No. 9:19-cr-80054-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLRY MAURIVAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 22, 2021)

Before WILLIAM PRYOR, Chief Judge, NEWSOM and ANDERSON, Circuit
Judges.

PER CURIAM:

Olry Maurival appeals his convictions and sentence of 70 months of imprisonment for one count of conspiring to defraud the United States, 18 U.S.C. § 371, eight counts of aiding and assisting in the preparation of false tax returns, 26 U.S.C. § 7206(2), and two counts of filing a false tax return, *id.* § 7206(1). Maurival challenges the sufficiency of the evidence supporting his convictions and the admission of an out-of-court statement by Jaezy Diaz, a tax preparer. Maurival also challenges the enhancement of his sentence for being an organizer or leader of the conspiracy. We affirm.

Ample evidence supports Maurival's convictions for conspiring to defraud the United States and for aiding and assisting in preparing false tax returns. Testimony from agents of the Internal Revenue Service, from clients, and from software suppliers and copies of Maurival's business records proved that he profited from participating in a scheme to deny the government tax revenues and that he assisted his coconspirators in obtaining false tax refunds for thousands of clients. *See United States v. Nerey*, 877 F.3d 956, 968 (11th Cir. 2017); *United States v. Hough*, 803 F.3d 1181, 1188 (11th Cir. 2015). Maurival shared the electronic filing identification number for the Vista Parkway office of his tax preparation company, Glory Marketing and Financial Services, Inc., with coconspirators who used the number to file false tax returns, allowed them to put his company name on business cards, and paid some coconspirators from his bank

2

account. *See United States v. Baldwin*, 774 F.3d 711, 721 (11th Cir. 2014); *United States v. Moran*, 778 F.3d 942, 960–61 (11th Cir. 2015). Maurival prepared and aided coconspirators in preparing tax returns that claimed the earned income credit and itemized deductions and credits at a rate that exceeded the national average.

Federal agents discovered in the Vista Parkway office a book titled "How to Pay Zero Taxes," in which topics and related page numbers had been highlighted that corresponded to the deductions and credits the conspirators falsely claimed. They also found a notebook containing handwritten notes about a "Presentation," "Olry," and using "EIC." Agents also seized from Maurival's storage locker materials issued by the Service that addressed the earned income credit and tax preparer fraud involving returns that claimed inflated expenses, false deductions, and unallowable credits and that manipulated income amounts to fraudulently qualify for the earned income credit.

Consistent with those materials, the tax returns prepared by the conspirators falsely claimed deductions and credits for charitable donations, automobile mileage, unreimbursed employee business expenses, fuel purchases, and educational expenses and falsely reported household help income. The false entries were material because they impeded the Service from verifying the clients' incomes and calculating their tax liability. *See United States v. Taylor*, 574 F.2d 232, 235 (5th Cir. 1978). And the falsifications were intentional because, as the

representative for Maurival's tax software company explained, a tax preparer had to enter the deductions and credits manually. On this evidence a juror reasonably could find that Maurival conspired to and aided his coconspirators to file false tax returns.

Substantial evidence also proved that Maurival prepared and filed individual federal income tax returns for taxable years 2012 and 2013 that knowingly underreported the gross receipts from the operation of his business. *See* 26 U.S.C. § 7206(1); *Hough*, 803 F.3d at 1188. A third party that collected tax preparation fees for Glory Marketing deposited into Maurival's bank account at Wells Fargo fees of $475,000 in 2012 and of $461,000 in 2013. But Maurival filed no federal corporate return for Glory Marketing for taxable year 2013, reported gross receipts of $28,496 and a net profit of $518 for the company for taxable year 2012, and reported no gross receipts from the company on his individual tax returns for those two years. Maurival's individual federal tax returns were false because they omitted a substantial amount of gross receipts from his business, *see id.*, and those omissions were material because they prevented the Service from verifying the amount of taxes that Maurival owed as a sole proprietor, *see Taylor*, 574 F.2d at 235. And Maurival knew the correct amounts for gross receipts. His bank records established that he was the sole signatory on and that he had paid Diaz and two other tax preparers more than $82,000 for their work on tax returns.

4

Maurival argues that the district court erred by admitting a hearsay statement that identified him as Diaz's boss under the exception for statements made by a coconspirator, *see* Fed. R. Evid. 801(d)(2)(E), but we need not address that argument because we can affirm on the alternative ground stated by the district court. Before we will reverse a "judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If the "appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground . . . ." *Id.* The district court also admitted the hearsay statement under the exception for statements of a party opponent. *See* Fed. R. Evid. 801(d)(2)(D). Because Maurival does not contest that alternative ruling, "it follows that the [admission of the hearsay statement] is due to be affirmed." *Sapuppo*, 739 F.3d at 680.

The district court did not clearly err in finding that Maurival was an organizer or leader of the conspiracy to defraud the United States. A defendant is subject to a four-level increase in his base offense level if he organized or led an offense that involved five or more participants or that was otherwise extensive. United States Sentencing Guidelines Manual § 3B1.1(a) (Nov. 2018). Maurival was the sole owner and director of Glory Marketing, he controlled and distributed

the proceeds of the conspiracy, and he provided other tax preparers guidance on how to claim false deductions and credits and the means to file their false tax returns. *See id.* cmt. n.4. And Maurival does not dispute that the conspiracy involved at least five participants, which includes his two codefendants who pleaded guilty and the three tax preparers he paid from the proceeds deposited into his bank account. The evidence supports the finding that Maurival orchestrated the activities of the conspiracy.

We **AFFIRM** Maurival's convictions and sentence.