[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13373
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00449-MW-MAF

CAMARA BAIYINA NJERI TUNSILL,

Plaintiff-Appellant,

versus

COMMISSIONER OF EDUCATION,
MICHAEL BRYAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 21, 2021)

Before MARTIN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Camara Tunsill, proceeding *pro se*, appeals the district court's dismissal of

her complaint for failure to state a claim. The district court based its dismissal on

several independent grounds. Because Tunsill fails to challenge each of those independent grounds for dismissal on appeal, we affirm.

We review a district court's grant of a motion to dismiss *de novo*, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1037 (11th Cir. 2008). We hold *pro se* pleadings to a less stringent standard and construe them more liberally than those drafted by attorneys. *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). But "a *pro se* pleading must still suggest that there is at least some factual support for a claim." *Id.* And we will deem abandoned any issues that a *pro se* litigant fails to brief on appeal. *Id.*

"To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against [her] is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If a party fails to challenge any one of those independent grounds on appeal, she has abandoned any challenge on that ground, and "it follows that the judgment is due to be affirmed." *Id.*

The district court concluded that Tunsill failed to plausibly allege that her due process rights were violated by either Bryan or Corcoran. It rested its decision on several independent grounds. As to Bryan, the district court held that (1) Tunsill failed to allege any facts showing how Bryan was involved in the events supporting

2

her due process claim; (2) as school principal, Bryan lacked the legal authority to either suspend or dismiss Tunsill as an employee; (3) Tunsill did not have a protected interest in communicating with teachers and parents or visiting school property; (4) she did not request any relief from Bryan in the complaint; and (5) the evidence that Tunsill attached to her complaint proves that her due process claim is insufficient as a matter of law. As to Corcoran, the district court held that (1) he could not be held liable for any events occurring before he began his employment as Commissioner of Education, and (2) the documents attached to the complaint contradict Tunsill's assertions against him because she was afforded due process when she elected to have a formal hearing.

Tunsill fails to challenge many of these independent grounds for dismissal on appeal. As for her allegations against Bryan, Tunsill does not argue on appeal that (1) she alleged specific facts showing how Bryan was involved in the events supporting her due process claim, (2) he had the authority to suspend or dismiss her as an employee, or (3) she requested any relief from him in the complaint. Tunsill also fails to argue that Corcoran is liable for any events occurring before his employment as commissioner, despite her claim that she was denied due process before that point. In fact, she refers to Corcoran only once in her argument when alleging that he is a state actor under Section 1983 who participated in the

3

deprivation of her due process rights. Because Tunsill failed to challenge the grounds

of the district court's decision, we affirm. *See Sapuppo*, 739 F.3d at 680.

**AFFIRMED.**