[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11558
_____

D.C. Docket No. 4:12-cv-00382-RH-CAS

DAVID SAPUPPO,
TERESA SAPUPPO,

Plaintiffs-Appellants,

versus

ALLSTATE FLORIDIAN INSURANCE COMPANY,

Defendant-Appellee.
_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(January 7, 2014)

Before CARNES, Chief Judge, HULL and COX, Circuit Judges.

CARNES, Chief Judge:

A series of hurricanes struck the state of Florida in 2004 and 2005. First the

waters rose and then the insurance premiums did. To contain those costs, Florida's

legislature passed a law, Chapter 2007-1 of the Laws of Florida, which made state-

subsidized reinsurance available to Florida insurers at rates lower than those

offered in the private market.  In return for the subsidized, less expensive reinsurance, insurers agreed to pass the cost savings along to Florida policyholders in the form of lower premiums.  To make sure the insurers complied, Chapter 2007-1 required them to file revised rates with Florida's Office of Insurance Regulation (the Insurance Office) "reflect[ing] the savings or reduction in loss exposure to the insurer due to the [reinsurance subsidy]."  Ch. 2007-1, § 3(1), Laws of Fla.

Allstate Floridian Insurance Company (Allstate) filed its new rates on July 1, 2007, but instead of being lower than before, the new rates were 41.9% higher than the ones it had on file the year before receiving the benefit of the subsidy of reinsurance costs.  That prompted the Insurance Office to begin an investigation into Allstate, and it later suspended Allstate's authority to transact new business in Florida.  After a year-long dispute, culminating in a Florida district court of appeal decision upholding the final agency decision, see Allstate Floridian Ins. Co. v. Office of Ins. Regulation, 981 So. 2d 617 (Fla. 1st DCA 2008), Allstate agreed to reduce its premiums by 5.4% from those charged before it received subsidized reinsurance.  That reduced rate went into effect on September 4, 2008.

The plaintiffs in this case, David and Teresa Sapuppo, are Allstate policyholders who filed a putative class action complaint against the company in July 2012, seeking "the disgorgement of ill-gotten gains, value and profits" that

2

Allstate had obtained in the 14 months between its July 2007 filing with the Insurance Office and its September 2008 rate reduction.  The complaint alleged on behalf of the Sapuppos (and other policyholders if class action status were granted) four claims based on the allegation that Allstate violated Chapter 2007-1 by failing to promptly reduce its premiums and retaining the cost savings resulting from the state's subsidy of its reinsurance:  (1) unjust enrichment; (2) breach of contract; (3) breach of fiduciary duty; and (4) breach of the implied covenant of good faith and fair dealing.

On Allstate's motion, the district court dismissed the Sapuppos' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief could be granted.  The court relied on several alternative grounds to reach the conclusion that the Sapuppos had failed to state a claim.  First, the court found that the "filed rate doctrine" barred suits that challenge the reasonableness of rates filed with a regulatory agency.[1]  Second, it held that the Florida Legislature had not created a private right of action to enforce Chapter 2007-1, meaning that the Sapuppos could not recover from Allstate for its alleged violations of Chapter 2007-1 even if the filed rate doctrine did not bar their claims.

---

[1] We explained the significance of the filed rate doctrine in Taffet v. Southern Co.: "Where the legislature has conferred power upon an administrative agency to determine the reasonableness of a rate, the rate-payer can claim no rate as a legal right that is other than the filed rate."  967 F.2d 1483, 1494 (11th Cir. 1992) (internal marks and quotation marks omitted).

In addition to those two general grounds, which applied to all four of the Sapuppos' claims, the court also gave as an independent alternative ground for its dismissal the legal inadequacy of each claim. On the unjust enrichment claim, the district court ruled that the complaint had failed to state a viable claim because "it is not unjust enrichment . . . for an insurer to collect from its insured precisely the rate that the insurer quoted and the insured agreed to pay." On the breach of contract claim, the court ruled that Allstate had not breached its contracts by charging the first rates that it filed with the Insurance Office. On the breach of fiduciary duty claim, the court ruled that the complaint had failed to allege facts showing that Allstate owed any fiduciary duty to its policyholders when it set rates. And the court ruled that there could be no breach of the implied covenant of good faith and fair dealing where there was no breach of contract.

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1306 (11th Cir. 2012). That is the situation here.

In their opening brief, the Sapuppos state two, and only two, issues:

    I.       Whether the trial court erred in finding that Plaintiffs' claims were barred by the filed rate doctrine[.]

    II.     Whether the trial court erred in dismissing Plaintiffs' complaint based on its finding that the Florida Legislature did not create a private right of action to enforce the requirement for reduced rates as soon as practicable[.]

Appellants' Corrected Brief at ix.  Their statement of the issues does not mention any issues involving the district court's alternative rulings that, even apart from the filed rate doctrine and implied right of action problems, each of the four claims was due to be dismissed for an additional reason individual to that claim.  As a result, the Sapuppos have abandoned any argument that the additional reasons the district court stated for dismissing each of the claims was error.  See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012) (stating that it is well settled in this circuit that a party abandons an issue "by failing to list or otherwise state it as an issue on appeal"); United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011) ("A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. . . .  Where a party fails to abide by this simple requirement, he has waived his right to have the court consider that argument.") (internal marks and citation omitted); Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("Any issue that an appellant wants [us] to address should be specifically and clearly identified in the brief. . . .  Otherwise, the issue — even if properly preserved at trial — will be considered abandoned.");

5

Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."); Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995) ("We note that issues that clearly are not designated in the initial brief ordinarily are considered abandoned.") (internal marks, quotation marks, and citation omitted).

The Sapuppos' initial brief not only fails to clearly raise any challenge to the alternative holdings, it treats those holdings as though they do not exist, stating that the "trial court dismissed Plaintiffs' Complaint with prejudice on two theories: 1) that Plaintiffs' claims were barred by the 'filed rate doctrine' and, 2) there is no private cause of action which exists to enforce a Florida statute requiring a rate reduction." Appellants' Corrected Brief at 8–9. Even if we looked past that statement and past the Sapuppos' failure to list the alternative holdings issues in their statement of the issues, we would still conclude that they have abandoned those claims by not adequately addressing them in the remainder of their initial brief.

A party fails to adequately "brief" a claim when he does not "plainly and prominently" raise it, "for instance by devoting a discrete section of his argument to those claims." Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013) (internal marks and quotation marks omitted). The Sapuppos do not devote even a small part of their opening brief to arguing the merits of the district court's

alternative holdings. The most that can be said is that they make passing references to those holdings, without advancing any arguments or citing any authorities to establish that they were error. We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. See, e.g., Walter Int'l Prods. Inc. v. Salinas, 650 F.3d 1402, 1413 n.7 (11th Cir. 2011) (holding that the appellant abandoned a claim for tortious interference with a contract by making "nothing more than a passing reference" to it in the initial brief); Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278 (11th Cir. 2009) (explaining that "an appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," and that "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal") (quotation marks omitted); United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that an evidentiary issue was abandoned on appeal because the appellant's brief "contain[ed] only four passing references to the evidence . . . each of which [was] embedded under different topical headings"); Cont'l Technical Servs., Inc. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991) (holding that "Appellant's simple contention that California law controls does not present an

7

argument based on California law" because an "issue raised perfunctorily without citation to authority constitutes waiver of [the] issue"); see also Fed. R. App. P. 28(a)(8).

Abandonment of a claim or issue can also occur when the passing references to it are made in the "statement of the case" or "summary of the argument," as occurred here.[2]  See Cole, 712 F.3d at 530 (holding that a party abandons an issue when he "mentions [it] only in his Statement of the Case but does not elaborate further in the Argument section"); Kelliher v. Veneman, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002) (holding that mentioning a claim in the summary of the argument section is not enough to raise the issue for appeal and that the claim is deemed abandoned).

Abandonment of an issue can also occur when passing references appear in the argument section of an opening brief, particularly when the references are mere

---

[2] In the Statement of the Case, the Sapuppos note simply that they had "allege[d] in their Complaint filed in the trial court that the Defendant . . . breached its contract of insurance with the Plaintiffs, breached its implied covenant of good faith and fair dealing, breached its fiduciary duty owed to its insureds, or alternatively, has been unjustly enriched."  In the Summary of the Argument, they offer the conclusory assertion that:  "[T]he trial court erred in concluding that the 'filed rate doctrine' prevents Plaintiffs from maintaining their claim for breach of a property insurance contract, and other claims.  The trial court also erred by finding that Plaintiffs' claims are barred because the Florida Legislature did not provide for a private cause of action in House Bill 1-A.  Plaintiff's [sic] claims for breach of an insurance contract, breach of fiduciary duty, breach of implied duty of good faith and fair dealing and unjust enrichment can and should be maintained."  In neither place in their brief do the Sapuppos make any substantive arguments about the merits of their claims or cite any authority in support of their claims.  They fail to elaborate in any way on their conclusory assertion that the district court somehow erred in those rulings.

"background" to the appellant's main arguments or when they are "buried" within those arguments. See Jernigan, 341 F.3d at 1283 n.8 (holding that the appellant had abandoned a claim by either mentioning it only "as background to the claims" he expressly advanced or "bur[ying it] within those claims"). In the argument section of the Sapuppos' initial brief, the passing references to the substantive claims are just that, either being background to other arguments or being buried within other arguments, or both. And the passing references are nothing more than conclusory assertions that they have made four claims that are "actionable."[3] The

---

[3] With the respect to the filed rate doctrine, the Sapuppos say that:

> Plaintiffs are not challenging the amount of the reduction, but the timing of it. ALLSTATE's foot dragging in its failure to follow the legislative direction to promptly reduce rates, constitutes an actionable claim for breach of contract, or, alternatively, unjust enrichment, breach of a fiduciary duty, and breach of an implied covenant of good faith and fair dealing as pled in Plaintiffs' Complaint.
> . . .
> The underlying principles that support the application of the filed rate doctrine are surely not implicated to warrant dismissal of the Plaintiffs' Complaint. The filed rate doctrine simply does not apply to this case. The crux of Plaintiffs' Complaint is that ALLSTATE's dilatory actions in refusing to reduce their rates; in refusing to comply with OIR subpoenas; in litigating their proposed rates; and in failing to file a reduced rate, contrary to express legislative and OIR direction, caused Plaintiffs and others similarly situated substantial economic harm. Plaintiffs' attempt to redress that harm through the causes of action set forth in their Complaint should be allowed to proceed.

With respect to the availability of a private right of action, they note that:

> Plaintiffs' breach of contract claim (contract at issue provides legislative actions act to amend the parties' insurance contract; legislature made changes to insurance law that acted to change contract; Allstate breached by failing to implement changes and Plaintiffs suffered damage) surely does not depend on any legislatively recognized cause of action in House Bill 1-A, Plaintiffs breach of contract count and related claims should be allowed to stand.
> . . .

9

brief makes no argument and cites no authorities to support those conclusory assertions.  The Sapuppos have abandoned in their initial brief any arguments they have against the district court's alternative holdings regarding the legal inadequacy under Florida law of their four claims.

After Allstate pointed out in its response brief that the Sapuppos had waived any issue concerning the district court's alternative holdings, they did make some arguments and cite some authorities in their reply brief about those holdings. Those arguments come too late.  See Big Top Koolers, Inc. v. Circus–Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008) ("We decline to address an argument advanced by an appellant for the first time in a reply brief."); Davis v. Coca–Cola Bottling Co. Consol., 516 F.3d 955, 972 (11th Cir. 2008) ("[P]resenting [an] argument in the appellant's reply does not somehow resurrect it."); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time [even] in a pro se litigant's reply brief."); United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004) ("As for reply briefs, this Court

---

Plaintiffs contend that claims that sound in contract, equity (unjust enrichment), and tort (breach of fiduciary duty) are best handled by the judicial branch, not the Office of Insurance Regulation.  Indeed, the Office of Insurance Regulation has no authority to handle breach of contract claims, tort claims or [] equity based claims.
 . . .
Plaintiffs' claims for breach of contract, unjust enrichment, breach of fiduciary duty and breach of implied covenant of good faith and fair dealing fall squarely within the jurisdiction of this Court, not the Office of Insurance Regulation.

follows this same rule and repeatedly has refused to consider issues raised for the first time in an appellant's reply brief."); United States v. Coy, 19 F.3d 629, 632 n.7 (11th Cir. 1994) ("Arguments raised for the first time in a reply brief are not properly before a reviewing court.").

For all of these reasons, the Sapuppos have abandoned any argument they may have had that the district court erred in its alternative holdings that each of their four claims was inadequate as a matter of Florida law independent of any issue concerning the filed rate doctrine or whether there was a private right of action for insureds against insurers who violate Chapter 2007-1.  It follows that the district court's judgment is due to be affirmed.  See Little, 691 F.3d at 1306 (affirming a district court's decision to deny certification of a class action when the appellants failed to challenge an independent, alternative ruling on which that denial was based).[4]

**AFFIRMED.**[5]

---

[4] We do not mean to imply that, if they had properly briefed the case, the Sapuppos would have prevailed in this appeal as to any of the claims in their complaint.  By way of example, it is clear to us that the breach of contract claim fails on the merits because the timing of Allstate's rate change did not breach any contract term.  As the district court pointed out, rates are not policy provisions, and the Sapuppos have not shown a policy provision in their Allstate contract that was inconsistent with Chapter 2007-1 of the laws of Florida.

[5] This appeal was originally scheduled for oral argument but was removed from the oral argument calendar by unanimous agreement of the panel under 11th Cir. R. 34-3(f).