[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11839
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-22796-JEM


DASH 224 LLC,
a Florida limited liability company,
REGIONAL ONE INC.,
a Florida corporation,

                                                        Plaintiffs-Appellants,

versus

AEROVIAS DE INTEGRACION REGIONAL AIRES SA,
a Colombian company,
d.b.a. Lan Colombia,
f.k.a. Aerovias de Integracion Regional S.A.,
d.b.a. Aires,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 1, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs Dash 224 and Regional One appeal the district court's order staying proceedings pending the outcome of a related case in Colombia.

## I.

This case involves a dispute between the plaintiffs and Colombian airline Aerovías de Integración Regional Aires SA (Aires) over a leased De Havilland Dash-8 turboprop airplane.  The plane is currently grounded in Colombia at the direction of Colombian tax authorities, and Aires has sued the plaintiffs in Colombian court over the lease.  A year after Aires filed its Colombian suit, the plaintiffs sued in Florida state court, and Aires then removed the case to the U.S. District Court for the Southern District of Florida.  On Aires' motion, the district court issued an order staying the plaintiffs' suit pending the outcome of the Colombian court case.  This is the plaintiffs' appeal of that order.

## II.

We review a district court's issuance of a stay pending the resolution of related proceedings in another forum only for an abuse of discretion.  Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 n.2 (11th Cir. 2000).

2

The ordinary rule is that we may not review stay orders because our jurisdiction extends only to the review of final decisions.  See 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . .").  But when a stay order places a plaintiff "effectively out of court," that order is reviewable.  See King v. Cessna Aircraft Co., 505 F.3d 1160, 1169–70 (11th Cir. 2007).  A plaintiff is "effectively out of court" when "litigation whose nature, extent, and duration are unknown[] is pending in" a foreign jurisdiction and the stay has "the legal effect of preventing [the plaintiff] from proceeding with his claims in federal court for an indefinite period of time, potentially for years"  Id.; see also Hines v. D'Artois, 531 F.2d 726, 731 (5th Cir. 1976) (holding a stay of at least eighteen months sufficient to place plaintiffs "out of court").[1]  Here, as in King, the district court's stay order placed the plaintiffs "effectively out of court" and we have jurisdiction to review that order.  See id.

Aires contends that the plaintiffs have abandoned any argument that the district court's order was in error because they failed to brief any basis for vacating that order.  A party may abandon a claim by failing to "plainly and prominently raise it, for instance by devoting a discrete section of his argument to" that claim.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted); see also Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before a court is deemed abandoned and its merits will not be addressed."). Similarly, a party has abandoned an issue when the references to the issue are "mere background to the appellant's main arguments or when they are buried within those arguments." Sapuppo, 739 F.3d at 682. For example, we have held that a claim was abandoned when the defendant's brief contained only "passing references" to the claim, "each of which [was] embedded under different topical headings." United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). There, we held that the defendant had "buried" his claims within other arguments in part because he failed to "devote[] a discrete section of his argument" to the claims. Id.

So too here. The plaintiffs' brief contains two argument sections with these headings: "I. Did the District Court's granting of AIRES' stay[] effectively place Appellants DASH [224] and [Regional One] out of court?" and "II. Does the District Court's order granting AIRES a stay[] amount to a collateral order?" Each of those sections addresses whether we have jurisdiction to review the stay order. Neither section "plainly and prominently raise[s]" a claim that the district court was wrong on the merits.

4

The plaintiffs' reply brief argues that they had raised the merits issue in their initial brief by likening the facts in this case to those in Ortega Trujillo v. Conover & Co. Communications, Inc.  Even if that comparison were apt,[2] it is "buried within" another argument, Sapuppo, 739 F.3d at 682, and "embedded under [a] different topical heading[]," Jernigan, 341 F.3d at 1283 n.8.  The plaintiffs also argue in their reply that Aires "understood that [plaintiffs] made the argument and the nature of the argument, as is evidenced by their arguments against it."  But the mere fact that Aires took care itself not to abandon its own merits argument says nothing about what the plaintiffs did (or, in this case, did not do) in their opening brief.  Because the plaintiffs have abandoned any argument that the district court abused its discretion by entering the stay order, we have no reason to decide whether it did so.

**AFFIRMED**.

---

[2] It is not an apt comparison.  In Ortega Trujillo, we reviewed a short court order that failed to set out its reasons for ordering a stay.  221 F.3d at 1265 ("The stay order does not explain in detail the district court's reasoning in staying further proceedings in this case.").  We thus declined to presume that a district court that "did not mention abstention at all" was in fact relying on international-comity abstention.  Id.  In this case, however, the district court laid out in persuasive detail in seven pages of its thirteen-page order its reasons for staying the case on the basis of comity.