[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 16-14726 & 16-14972
Non-Argument Calendar
_____

Agency No. A039-072-266

HOWARD PAUL LEVY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
_____

(September 21, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Howard Paul Levy petitions for review of the Board of Immigration Appeals' order affirming his removal from the United States. Levy is a native and citizen of Jamaica. His father and mother were unmarried but his father acknowledged paternity at birth. Levy's father became a lawful permanent resident of the United States in 1978, obtained full custody of Levy in 1984, and became a naturalized citizen in 1985. Levy became a lawful permanent resident of the United States in 1985 and resided with his father. Levy's mother never resided nor acquired immigration status in the United States and died in 2013.

After a jury convicted Levy for conspiracy to commit mail fraud, 18 U.S.C. § 1349, the Department of Homeland Security began proceedings to remove him from the country. The Immigration Judge sustained the removal charge. Levy moved to terminate the proceedings, contending that he is a United States citizen by way of his father's naturalization. The IJ denied his motion and Levy appealed to the BIA, which adopted and affirmed the IJ's ruling and dismissed his appeal.

Levy contends that the derivative naturalization statute at issue, former Immigration and Nationality Act § 321(a)(3), 8 U.S.C. § 1432(a)(3) (1985),[1] violates the equal protection component of the Fifth Amendment because it discriminates based on gender. We have jurisdiction to consider and review de

---

[1] When an individual seeks derivative citizenship from naturalization, the BIA applies the law in effect when the last material condition was met. In Re Rodriguez-Tejedor, 23 I. & N. Dec. 153, 163 (BIA 2001). In this case, the BIA applied the law in effect in 1985 — when Levy's father was naturalized.

novo constitutional claims and questions of law related to the INA.  8 U.S.C.

§ 1252(a)(2)(D); see Cole v. U.S. Att'y Gen., 712 F.3d 517, 523 (11th Cir. 2013).

Former INA § 321(a) provides:

(a) A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:

> (1) The naturalization of both parents; or
>
> (2) The naturalization of the surviving parent if one of the parents is deceased; or
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
>
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
>
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

INA § 321(a) (1985).  Levy could derive citizenship only under the first clause of

§ 321(a)(3), which confers citizenship based on "[t]he naturalization of the parent

having legal custody of the child when there has been a legal separation of the

3

parents."[2]  The IJ and BIA determined that Levy did not derive citizenship under that provision because his parents never married and, as a result, never "legally separat[ed]."  Id. § 321(a)(3).  Levy argues that the marital status criterion constitutes gender discrimination based on a "caregiver/breadwinner dichotomy."  According to him, if his mother instead of his father had been a United States citizen, he would be a citizen.

Levy misreads the statute.  For a legitimated child such as Levy, the pertinent paragraph refers only to a "parent having legal custody of the child" and does not distinguish between mothers and fathers.  Id.  It does not discriminate based on gender because it favors neither mothers nor fathers.  Had the situation been reversed — if Levy's mother had become a lawful permanent resident, obtained citizenship, and raised him in the United States while his father remained in Jamaica — Levy still would not have obtained citizenship based on her naturalization because his parents were not "legally separat[ed]."  As a result, the statute does not implicate, much less violate, the equal protection component of the Fifth Amendment based on gender discrimination.

---

[2]  Section 321(a)(1) does not apply because Levy's mother was never naturalized. Section 321(a)(2) does not apply because it is conditioned on the non-naturalizing parent dying before the child turns eighteen, see INA § 321(a)(4), and Levy's mother died after he turned eighteen.  And the second clause of § 321(a)(3) does not apply because Levy's mother was never naturalized and his "paternity [was] established by legitimation" when his father acknowledged paternity.  See Matter of Cross, 26 I&N 485, 486 (BIA 2015) (noting that under the Jamaican Status of Children Act, the paternity of a child born out of wedlock is legitimated if the father acknowledges paternity).

To the extent Levy meant to argue that § 321(a)(3) violates equal protection because it discriminates based on legitimacy, he has abandoned that argument. Levy's initial brief focuses solely on gender bias and mentions legitimacy only in passing (if at all) and without citations to authority.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). The fact that Levy discussed a legitimacy based challenge in his reply brief does not make up for that deficiency.  See United States v. Evans, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court.") (quotation marks omitted).  As a result, we decline to consider whether former INA § 321(a)(3) impermissibly discriminates based on legitimacy.

**PETITION DENIED.** [3]

---

[3] Levy moved to file a supplemental brief on potential remedies following the Supreme Court's decision in Sessions v. Morales-Santana, 582 U.S. __, 137 S. Ct. 1678 (2017).  Because we affirm the BIA's final order, Levy's motion is **DENIED AS MOOT**.