[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10171
Non-Argument Calendar
_____

Agency No. A202-128-496


JUAN DE DIOS VASQUEZ-BARDALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 28, 2020)

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Juan de Dios Vasquez-Bardales ("Vasquez"), a native and citizen of Honduras, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Vasquez argues that the IJ and BIA failed to give reasoned consideration to his asylum application by not adequately analyzing whether the harm that he suffered rose to the level of persecution, whether his proffered particular social groups were cognizable, and whether he demonstrated a nexus between the harm and a protected ground under the INA.[1]

We review only the BIA's decision, unless it expressly adopted the IJ's opinion or agreed with the IJ's reasoning. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). Where the BIA agrees with the IJ's findings and adds its own observations, we will review both decisions. *Id.* Where the BIA does not adopt the IJ's decision, "we do not review that portion of the IJ's decision."

---

[1] Vasquez also states in the introductory and summary sections of his brief that he is eligible for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii). However, he has abandoned that argument by failing to prominently raise it in his brief. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (providing that, to adequately raise an issue, a litigant must do so "plainly and prominently" by, for example, "devoting a discrete section of his argument to those claims"). He likewise has abandoned any challenge to the denial of CAT relief by failing to raise that issue in his brief.

*Shkambi v. U.S. Atty. Gen.*, 584 F.3d 1041, 1049 n.5 (11th Cir. 2009).  We will not consider an issue that was not reached by the BIA.  *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

Before we may review a claim raised in a petition for review, the petitioner must have first exhausted all administrative remedies for that claim.  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 492 (11th Cir. 2013).  Accordingly, we lack jurisdiction over issues that the petitioner has not exhausted, even if the BIA addresses the issue *sua sponte*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006).  In order for a petitioner's claim to be exhausted, the petitioner must have raised the "core issue now on appeal" before the BIA.  *Indrawati v. U.S. Atty. Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotation marks omitted).  He also must "set out any discrete arguments he relies on in support of that claim" and "provide information sufficient to enable the BIA to review and correct any errors below."  *Jeune v. U.S. Atty. Gen.*, 810 F.3d 792, 800-01 (11th Cir. 2016) (quotation marks omitted).

Although Vasquez frames his arguments in terms of "reasoned consideration," he is effectively challenging the IJ's determination that his proffered social groups lacked cognizability and that he failed to demonstrate a nexus to a protected ground.  However, because Vasquez did not challenge those findings before the BIA, those claims are unexhausted, and we do not have jurisdiction to

3

review them.  Further, although Vasquez exhausted the issue of whether he presented sufficient evidence to support a claim of past persecution, the BIA neither made its own observations nor affirmed the IJ's finding that the harm that he suffered had not risen to the level of persecution.  Thus, because the BIA's final decision made no determination as to whether Vasquez had experienced past persecution, it is beyond our scope of review.  Accordingly, we dismiss his petition for review.

**PETITION DISMISSED.**