[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-10560

Non-Argument Calendar

————————————————

CAROLYN D. ROBINSON,

Plaintiff-Appellant,

*versus*

WALMART STORES EAST, LP,

Defendant -Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cv-00856-ACA

————————————————

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Carolyn Robinson appeals from the grant of summary judgment to her former employer, Walmart, on her claims of race and age discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981; and the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1).  The district court, applying the *McDonnell Douglas*[1] burden-shifting test, concluded that Robinson's race discrimination claim failed because she did not identify a similarly situated comparator or otherwise make out a *prima facie* case, and she failed to show Walmart's articulated reasons for "coaching" and eventually terminating her were pretextual.  It rejected her age bias claim because she did not show that Walmart's reasons for firing her were pretextual, or otherwise show that her age was the "but-for" cause of her firing.  On appeal, Robinson argues: (1) for the first time, that the district court should have used a "but for" test, instead, to assess her race discrimination claim; and (2) that her pharmacy manager going unpunished for sleeping on the floor of the pharmacy while she was "coached" for allowing a visiting pharmacy technician to bring personal items into the pharmacy, was evidence that her age was the "but for" cause of her termination.  After careful review, we affirm.

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

We review an order granting summary judgment *de novo*, "viewing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment if she can show "that there is no genuine dispute as to any material fact and [she] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, when an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Moreover, an issue not raised in the district court and raised for the first time on appeal in a civil case will not be considered. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

First, we find no merit in Robinson's challenge to the district court's grant of summary judgment on her race discrimination claim. Title VII makes it an unlawful employment practice for a private employer "to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of [her] race . . . "42 U.S.C. § 2000e-2(a). Similarly, § 1981 prohibits intentional race discrimination in the making and enforcement of private contracts, including employment-related ones. 42 U.S.C. § 1981(a). Claims of employment discrimination under § 1981 are

analyzed under the same framework as ones under Title VII. *Ferrill v. Parker Grp.*, 168 F.3d 468, 472 (11th Cir. 1999).

In the absence of direct evidence of discrimination, a plaintiff can prove a discrimination claim under Title VII through circumstantial evidence, which we generally analyze using the three-step, burden-shifting framework established in *McDonnell Douglas*. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). Under this framework, the plaintiff must first establish a *prima facie* case of discrimination. *Id.* If the plaintiff succeeds in doing so, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* Should the defendant carry its burden, the plaintiff must then demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination, an obligation that merges with the plaintiff's ultimate burden of persuading the factfinder that she has been the victim of intentional discrimination. *Id.*

To establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework, a plaintiff bears the burden of showing, among other things, that her employer treated "similarly situated" employees outside her class more favorably. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (*en banc*) (quotations omitted). An employee is "similarly situated" to the plaintiff when he is "similarly situated in all material respects." *Id.* at 1226 (quotations omitted). Ordinarily, this means that a similarly situated employee will: (1) have engaged in the same basic misconduct as the plaintiff; (2) have been subject to the same

employment policy, guideline, or rule as the plaintiff; (3) have had the same supervisor as the plaintiff; and (4) will share the plaintiff's employment or disciplinary history. *Id.* at 1226-27.

Here, Robinson's challenge to the grant of summary judgment on her race discrimination claim fails for several reasons. As a preliminary matter, we will not consider her argument that *McDonnell Douglas* was the wrong standard because she raises it for the first time on appeal. *Access Now, Inc.*, 385 F.3d at 1331-32.[2] Accordingly, we will apply the *McDonnell Douglas* burden-shifting standard in analyzing Robinson's claims. *Joe's Stone Crabs, Inc.*, 296 F.3d at 1272.

Further, it is likely that Robinson has abandoned any challenge to the district court's finding that she failed to establish a prima facie case. On appeal, Robinson, who worked as a pharmacist in a Walmart store, does not specifically argue that Walmart treated a similarly situated employee more favorably than her. She argues that Walmart treated a pharmacy manager, Zachary Martin, more favorably than her, but she does not present any argument as to why he was similarly situated to her, especially since he held a different position. Similarly, she likely has abandoned any challenge to the finding that she failed to show that Walmart's

---

[2] For the same reason, we will not consider her arguments that: (i) a "but for" standard should have controlled; and (ii) the "suspicious" timing of her termination rendered summary judgment inappropriate. *Access Now, Inc.*, 385 F.3d at 1331-32.

reason for terminating her was pretextual, because she does not expressly dispute this finding on appeal.

But even if we were to deem a challenge to the comparator finding implicitly preserved, it still fails on the merits. Among other things, Robinson failed to establish that Walmart treated a similarly situated employee outside of her protected class more favorably than her. *Lewis*, 918 F.3d at 1220-21. As we've noted, she offered Martin as a potential comparator whom she alleged was treated more favorably by Walmart. However, Martin was not an adequate comparator because he held a different position with different responsibilities, and he also had a different supervisor than Robinson. Further, Robinson did not establish that Martin engaged in the same basic misconduct she engaged in. *Id.* at 1226-27.

Robinson also failed to show pretext. Walmart gave reasons for each of the reprimands (or "coachings") they gave her, including that Robinson had failed to put "Teal Cards" -- which are medication reminders for patients who did not consistently take and refill their medications -- in designated patients' prescription bags. Walmart added that Robinson's final reprimand concerning her failure to use Teal Cards resulted in her termination. Yet Robinson did not rebut any of the bases for Walmart's coachings, nor for her final Teal Card policy violation. There was also no evidence of racial animus. For these reasons, the district court did not err in granting summary judgment to Walmart on Robinson's race discrimination claim.

We are also unconvinced by Robinson's age discrimination claim.  Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

We use the framework established in *McDonnell Douglas* to evaluate ADEA claims that are based on circumstantial evidence of discrimination.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*).  If a plaintiff establishes a *prima facie* case of discrimination, and the defendant employer articulates a legitimate, nondiscriminatory reason for the challenged employment action, the plaintiff must produce evidence sufficient for a reasonable factfinder to conclude that the reason given by the employer was not the real reason for the adverse employment decision and was merely pretextual.  *Id.* at 1024-25.

To demonstrate pretext, a plaintiff must show that the defendants' proffered reason for the employment decision is false and that discrimination was the real reason.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).  In doing so, the plaintiff cannot succeed simply by disputing the wisdom of the reason or by substituting her business judgment for the employer's.  *Chapman*, 229 F.3d at 1030.  Rather, she must meet the employer's reason head-on and rebut it.  *Id.*  Where an employer justifies termination based on a work rule violation, a plaintiff may prove pretext by showing "either that [s]he did not violate the work rule or that, if [s]he did,

other employees not within the protected class who engaged in similar acts were not similarly treated." *Delgado v. Lockheed-Georgia Co.*, 815 F.2d 641, 644 (11th Cir. 1987) (quotations omitted), *abrogated on other grounds by Chapman*, 229 F.3d at 1025-26 (abrogating *Delgado* to the extent it applied a different summary judgment standard in employment discrimination cases than is applied in all other civil contexts). Ultimately, however, to prevail on an ADEA age discrimination claim, an employee must show that her age was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

Here, the district court did not err in granting summary judgment to Walmart on Robinson's age discrimination claim. As the record reflects, Robinson failed to offer proof that Walmart's reason for terminating her was pretextual and that her age was the "but for" cause of her termination. *Hicks*, 509 U.S. at 515; *Gross*, 557 U.S. at 177. Notably, Robinson does not argue on appeal that she did not violate the work rule regarding the proper use of Teal Cards, and there was no evidence below indicating that she was not responsible for other alleged work violations. *Delgado*, 815 F.2d at 644. Nor, as we've explained, did she show that Walmart treated more favorably any employees outside her protected class who acted similarly. *Id.* Indeed, she did not show that the pharmacy manager, Martin, failed to comply with the Teal Card policy, or even if he had, that he had an active third "coaching" that would have subjected him to termination at the time.

Further, Robinson did not show that the reason Walmart gave for firing her was false, or that the true reason was her age. Thus, she offered no evidence that her age was the "but for" cause of her termination, and the district court did not err in granting summary judgment to Walmart on her age discrimination claim.

**AFFIRMED.**