[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-10264

Non-Argument Calendar

_____

ERIC WILLNER,

Plaintiff-Appellant,

*versus*

WELLS FARGO BANK, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-60976-WPD

_____

2                    Opinion of the Court                    20-10264

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Willner sued his mortgage servicer, Wells Fargo Bank, N.A., for violating the Real Estate Settlement Procedures Act, 12 U.S.C. section 2605(e), and the Act's implementing regulations. The district court dismissed the original complaint for failure to state a claim. We affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

In September 2008, Wells Fargo sued Willner in state court to foreclose on his primary residence. The parties mediated in August 2013 and came to a modification agreement, and Wells Fargo voluntarily dismissed the action.

Willner made the initial payment under the modification agreement in December 2013—as the agreement provided—and "attempted to make all subsequent payments on a timely basis to Wells Fargo," but Wells Fargo "refused or return[ed]" his payments. Wells Fargo breached the agreement and "manufactured a secondary default," which "resulted in another foreclosure action" in November 2014.

---

[1] We accept the original complaint's well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1243 (11th Cir. 2016).

In May 2018, while the second foreclosure action was still pending, Willner sent Wells Fargo a letter providing notice of three errors under 12 C.F.R. section 1024.35. First, Willner contended that Wells Fargo sent him "inaccurate and defective" periodic billing statements that "misrepresented the amount owed, did not provide an explanation of the amount owed," and "added additional charges that were resolved" by the modification agreement. Second, Wells Fargo erred, he said, in charging him for force placed insurance when he had property insurance. And, third, he claimed that Wells Fargo misapplied his payments based on "faulty accounting" and that the second default was thus "manufactured." In the letter, Willner also requested information about Wells Fargo's force placed insurance under 12 C.F.R. section 1024.36.

Wells Fargo replied to the letter a week later, giving a tentative deadline of June 12, 2018 for its formal response but stating that it would "provide [Willner] with a new completion date" if it needed more time to "fully answer [his] inquiry." On June 12, 2018, Wells Fargo stated that although it had set a "goal to respond with [its] results" by that day, it "expect[ed] to complete [its] work by June 26, 2018," instead. From June 2018 to March 2019, Wells Fargo kept sending Willner the same form reply, extending the tentative deadline every one to two weeks.

The state court in the second foreclosure action entered a final judgment for Wells Fargo in July 2018.

In April 2019, Willner sued Wells Fargo for "fail[ing] to conduct a reasonable investigation" into the errors asserted in his

notice and for failing to "respond accordingly" under the Act. Willner claimed that, "[a]s a result of" Wells Fargo's violations, he "suffered actual and statutory damages in the loss of his primary residence," "attorney['s] fees incurred in defense of the foreclosure," "loss of income from employment," "additional fees and charges that [were] added to his mortgage debt associated with the foreclosure litigation," and "emotional distress as a result of the foreclosure and loss of his primary residence." To support his statutory damages claim, Willner alleged that Wells Fargo had a "malicious pattern and practice" of sending "generic form letters changing the dates for every seven to [ten] days." Willner cited the form reply letters that he received from Wells Fargo to show this pattern and practice.

The district court dismissed the complaint because Willner didn't "allege facts supporting a claim of actual or statutory damages arising from the alleged" violations of the Act. Willner insufficiently pleaded actual damages, the district court said, because he didn't "allege a causal link between a legally cognizant . . . violation and any actual damages suffered": the claimed actual damages arose from the foreclosure, not a violation of the Act. The district court also dismissed the actual damages claim because "res judicata and claim preclusion doctrines . . . bar[red] [Willner] from attempting to relitigate claims alleged to have arisen during a state court foreclosure action." The district court explained that the issues raised in the notice of error "were part of the same cause of action and could have been and were litigated in the state court action,

20-10264                    Opinion of the Court                    5

were raised as affirmative defenses in the [f]oreclosure [a]ction, and [were] litigated to finality in the [f]oreclosure [a]ction itself." Willner insufficiently pleaded pattern or practice statutory damages, the district court explained, because he didn't allege that Wells Fargo violated the Act with respect to other borrowers.

The district court allowed Willner "to amend his pattern or practice statutory damages claim," but not his actual damages claim. Willner filed an amended complaint that provided further support for both claims. Wells Fargo moved to dismiss the amended complaint, quoting the district court's res judicata reasoning and arguing that Willner used this case "simply as a vehicle to relitigate the [f]oreclosure [a]ction."

The district court dismissed the amended complaint because it was "in clear violation of" the earlier order. The district court again granted Willner "leave to amend only as to a pattern or practice statutory damages claim" and said that it would close the case if he didn't file a second amended complaint as instructed. Willner didn't file a second amended complaint, and the district court closed the case.

## STANDARD OF REVIEW

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Renfroe*, 822 F.3d at 1243. "To survive a motion to dismiss, a complaint need only present sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1243–44 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

6                    Opinion of the Court                    20-10264

544, 556, 570 (2007)).  "The complaint must 'raise a right to relief above the speculative level,' but it need not contain 'detailed factual allegations.'"  *Id.* at 1244 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

If we read Willner's appellate briefing generously, he argues that his original complaint adequately alleged actual and statutory damages.  But he does not properly brief any other issue.[2]

---

[2] For the first time in his reply brief, Willner contends that, because Wells Fargo moved to dismiss his complaint instead of answering it, he had the right to amend the complaint once as a matter of course under the federal rules of civil procedure, and the district court abused its discretion when it denied him that right.  Because Willner doesn't make this argument in his initial brief, he forfeits it.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014) ("Arguments raised for the first time in a reply brief are not properly before a reviewing court." (quoting *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994))).

In any event, under the current rules, Willner's deadline for amending as a matter of course was twenty-one days after service of the motion to dismiss.  *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within . . . [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier.*" (emphasis added)).  Willner didn't file the amended complaint until months after Wells Fargo served its motion to dismiss under rule 12(b)(6).  Thus, he no longer had the right to amend his complaint as a matter of course; he had to request leave to amend from the district court.

"[D]amages are an essential element in pleading a . . . claim" under the Act.  *Id.* at 1246.  We discuss Willner's actual damages and statutory damages claims in turn.

### Actual Damages Claim

The district court dismissed the actual damages claim in Willner's original complaint for two reasons:  (1) failure to allege a causal link between his actual damages and Wells Fargo's alleged violations of the Act; and (2) res judicata and claim preclusion doctrines.  Willner must show that each of these reasons was erroneous.  *See Sapuppo*, 739 F.3d at 680 ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect.  When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

Willner does not argue that the district court erred when it dismissed his actual damages claim based on res judicata.  Willner mentions res judicata only once—in his initial brief's summary of the argument section, when he states that the district court erred in dismissing on the res judicata ground because Wells Fargo had not asserted res judicata as an affirmative defense in its motion to dismiss the original complaint.  Willner concludes the summary of the argument section by reproducing the entire footnote in which the district court explained its res judicata basis for dismissal.

Because Willner does not support his statement with any argument or legal authority, he forfeits the position that the district court erred when it dismissed his actual damages claim based on res judicata. *See id.* at 681 ("A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims. . . . [A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. . . . Abandonment of a claim or issue can also occur when the passing references to it are made in the . . . 'summary of the argument[.]'" (quotation omitted)).

Willner cannot "convince us that every stated ground for the judgment against him [wa]s incorrect" because he forfeited any argument against the res judicata ground for dismissal. *Id.* at 680. Thus, we affirm the dismissal of the actual damages claim.

*Statutory Damages Claim*

The Act allows an individual borrower to sue a mortgage servicer for statutory damages "in the case of [the servicer's] pattern or practice of noncompliance with the [Act's] requirements." 12 U.S.C. § 2605(f)(1)(B). A "pattern or practice" refers to a "standard operating procedure—the regular rather than the unusual practice." *Renfroe*, 822 F.3d at 1247 (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977)). "[O]ne . . . violation [of the Act], standing alone, does not constitute a pattern or practice," and "[s]imply using a template to respond to a notice of error does not violate [the Act]." *Lage v. Ocwen Loan Servicing LLC*, 839

F.3d 1003, 1011–12 (11th Cir. 2016).  We find persuasive the rule that a borrower must plead a servicer's violations of the Act "with respect to other borrowers" to obtain statutory damages.  *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013); *see Renfroe*, 822 F.3d at 1247.

In his original complaint, Willner alleged that Wells Fargo had a "pattern and practice" of sending him "generic form letters" in response to his notice of error.  Wells Fargo's use of a template to respond to Willner's notice of error did not, by itself, violate the Act.  *Lage*, 839 F.3d at 1012.  Further, Willner did not plausibly allege a pattern or practice because he claimed only that Wells Fargo violated the Act in how it responded to his single notice of error letter.  Willner didn't claim that he sent Wells Fargo other letters or that other borrowers sent it letters to which it insufficiently responded under the Act.  In fact, Willner didn't mention any of Wells Fargo's other borrowers in his original complaint; only one notice of error letter was mentioned in or attached to the original complaint, and it was from Willner.  *See Toone*, 716 F.3d at 523.  The allegations that Wells Fargo insufficiently responded under the Act to one letter from one borrower established one violation at most, and one violation does not amount to a pattern or practice.  *Lage*, 839 F.3d at 1011.  Willner didn't plausibly allege that Wells Fargo's "standard operating procedure" was to violate the Act.  *See Renfroe*, 822 F.3d at 1247.

Because Willner failed to plead a pattern or practice, the district court properly dismissed the statutory damages claim in his original complaint.[3]

## CONCLUSION

For the reasons explained above, we affirm the district court's dismissal of the actual damages and statutory damages claims in Willner's original complaint.

**AFFIRMED.**

---

[3] The Act describes a borrower's statutory damages as "additional" to his actual damages.  12 U.S.C. § 2605(f)(1).  In *Renfroe*, we "observe[d,] without ruling on the question, that the use of 'additional' seems to indicate that a plaintiff cannot recover pattern-or-practice damages in the absence of actual damages."  822 F.3d at 1247 n.4; *see Trichell v. Midland Credit Mgmt.*, 964 F.3d 990, 1000 (11th Cir. 2020) (quoting *Renfroe*); *Lage*, 839 F.3d at 1011 n.11 (same).  Thus, Willner's failure to show that the district court erred in dismissing his actual damages claim may serve as another ground to affirm the dismissal of his statutory damages claim.