[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12449

Non-Argument Calendar

_____

VELINA M. JOHNSON,

Plaintiff-Appellant,

*versus*

INLAND RESIDENTIAL REAL ESTATE SERVICES, LLC,
(IRRES LLC),
THE INLAND REAL ESTATE GROUP OF COMPANIES, INC.,
BONNIE BURRIS,
in Her Official Capacity as Violation Regional Property Manager
with Inland Residential Real Estate Services LLC,
ASHLEY STODDART,
in Her Official Capacity As Property Manager, Brand Ambassador
with Inland Residential Real Estate Services LLC,
LAQUINTA KING,

in Her Official Capacity As Regional Trainer, with Inland Residential

Real Estate Services, LLC, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cv-00493-WKW-CWB

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and GRANT, Circuit Judges.

PER CURIAM:

Velina Johnson appeals *pro se* the dismissal of her amended complaint against Inland Residential Real Estates Services, LLC, The Inland Real Estate Group of Companies, Inc., Bonnie Burris, Ashley Stoddart, LaQuinta King, and Montgomery MultiFamily Leaseco, LLC. The district court dismissed Johnson's amended complaint without prejudice as a shotgun pleading. We affirm.

Johnson abandoned any argument that the district court erred in dismissing her amended complaint as a shotgun pleading by failing to raise that argument in her opening brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When

an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."). Even if she did not abandon her argument, the district court did not abuse its discretion. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The district court warned Johnson of the consequences of failing to cure various enumerated deficiencies of her original complaint, but her amended complaint still failed to comply with the rules of procedure. Indeed, Johnson's amended complaint was replete with allegations and dozens of exhibits regarding an incoherent timeline of events that were not "obviously connected to any particular cause of action" and involved "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322–23. We "have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of America N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

We **AFFIRM** the dismissal of Johnson's amended complaint and **DENY** her motions to expedite her appeal and to admit evidence.