[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13359

Non-Argument Calendar

_____

JACKELYN AGUIRRE-MATAT,
on behalf of
Home and Land Inc,

                                        Plaintiff-Appellant,

*versus*

GEBRUEDER KNAUF VERWALTUNGSGESELLSCHAFT, KG, et al.,

                                        Defendants,

KNAUF GIPS, KG,
KNAUF PLASTERBOARD TIANJIN CO. LTD.,

2                    Opinion of the Court                    23-13359

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-24204-RNS

———————————

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendants Knauf Plasterboard Tianjin Co., Ltd. and Knauf GIPS, KG manufacture drywall that is used to construct and refurbish homes.  Plaintiff Jackelyn Aguirre-Matat purchased one of these homes at a judicial sale.  Following that sale, Aguirre-Matat says she discovered a latent defect in the drywall.

Aguirre-Matat originally joined a multidistrict litigation against the Knauf companies.  But her case, along with other related cases, was later severed from that lawsuit.  So Aguirre-Matat brought her own individual claims against the Knauf companies based on their manufacturing, distributing, supplying, and selling of allegedly defective drywall.

From September to October 2022, the district court entered three summary judgment orders that ultimately resolved all of Aguirre-Matat's claims in favor of the defendants.  Aguirre-Matat moved for reconsideration of the third summary judgment order.

In November 2022, while that motion was pending, the district court entered an order in one of the related cases dismissing all the related cases without prejudice as a sanction pursuant to Federal Rule of Procedure 16(f). The district court found that Aguirre-Matat's counsel, who was also counsel in the related cases, had never been admitted to the Florida Bar and failed to move to appear pro hac vice. After finding that plaintiffs' counsel had also failed to comply with several district court orders, the court dismissed the related cases without prejudice.

Despite that sanctions order, Aguirre-Matat's case was not officially closed. Realizing that error, the district court in September 2023 entered an order applying its former Rule 16(f) sanctions order to Aguirre-Matat's case, denying any pending motions as moot, and dismissing the case without prejudice.

On appeal, Aguirre-Matat challenges only the district court's summary judgment order—not its sanctions order. In fact, missing from Aguirre-Matat's brief is *any* mention of the sanctions order.[1]

That omission is fatal for Aguirre-Matat's appeal. "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that

---

[1] A jurisdictional question was carried with this case regarding whether the plaintiff and defendants are completely diverse. Following a limited remand to resolve those issues, the district court entered an order clarifying the citizenship of each party and incorporating those facts into the plaintiff's complaint. After reviewing that order, we are satisfied that subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1332(a).

every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014). So when "an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment," the "judgment is due to be affirmed." *Id.* Aguirre-Matat has abandoned any challenge to the sanctions order, which controls the disposition of this case; a reversal of the summary judgment order would not change that outcome. We therefore **AFFIRM.**