[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10447

_____

RICKY J. JOHNSON,

Plaintiff-Appellant,

*versus*

FORSYTH COUNTY BOARD OF COMMISSIONERS, et al.,

Defendants,

TED PAXTON,
in his individual capacity,
DUANE PIPER,
in his individual capacity,
SHERRIFF RON FREEMAN,
in his official capacity as Sheriff of Forsyth County, Georgia,
ANDREW FEE,
LARRY HUGHES,
WILLIAM GAY,
CHRISTOPHER HOBBS,
JAMES COLE,
CHARLES SMITH,

TONYA SIMMONS MARTIN,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:14-cv-00173-RWS

_____

Before WILSON, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Ricky Johnson, a Georgia prisoner, brought a *pro se* suit pursuant to 42 U.S.C. § 1983, asserting claims against various employees, administrators, and contractors based on alleged violations of Johnson's civil rights while he was incarcerated at the Forsyth County Detention Center ("FCDC") and the Georgia Department of Corrections.[1]

The Prison Litigation Reform Act ("PLRA") requires any incarcerated person bringing an action "with respect to prison conditions under section 1983" to first exhaust any "such administrative

_____

[1] As we write for the parties, we set out only the facts and procedural history that are necessary to explain our decision.

remedies as are available." 42 U.S.C. § 1997e(a).[2] This requirement "applies to all inmate suits about prison life," including both claims about ongoing violations and specific instances such as use of excessive force. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Although the failure to exhaust administrative remedies is an affirmative defense, it is regarded as "a precondition to an adjudication on the merits" and "[w]e have no discretion to waive this exhaustion requirement." *Bryant v. Rich*, 530 F.3d 1368, 1373–74 (11th Cir. 2008). Accordingly, "[w]here exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376 (footnotes omitted).

Here, Piper, Paxton, Fee, Hughes, Smith, Gay, Hobbs, and Cole (the "FCDC Defendants") argued in their joint motion for summary judgment that Johnson's claims should be dismissed

---

[2] Pursuant to the PLRA, the district court initially screened Johnson's complaint for frivolity and failure to state a claim and, based on that screening, dismissed Johnson's claims against Tom Wilson and CorrectHealth. *See* 28 U.S.C. § 1915A. On appeal, Johnson has forfeited any challenge to the district court's dismissal of CorrectHealth by asserting on appeal only that it employed Simmons and by otherwise failing to present any specific arguments about its dismissal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). As to the court's dismissal of Wilson, Johnson fails to identify any factual allegations in his complaint sufficient to establish Wilson's liability. Thus, we **AFFIRM** the district court's dismissal of CorrectHealth and Wilson in accordance with its frivolity review under Section 1915A.

because he failed to exhaust his administrative remedies.  Although a magistrate judge concluded that Johnson had failed to comply with the PLRA's exhaustion requirement as to most of his claims, the district court expressly did not rely on that conclusion, save for one separate count, in resolving the FCDC Defendants' summary judgment motion.  Instead, it addressed the case's merits and granted summary judgment against Johnson as to the majority of his claims and reserved the exhaustion issue as to the remaining claim as "a factual one for trial."

Because exhaustion is a threshold matter, the district court erred by not addressing and resolving any dispute regarding exhaustion prior to reaching the merits of Johnson's claims.  *See id.* at 1374–75.  Accordingly, we **VACATE** and **REMAND** the district court's order.  In determining whether Johnson has properly satisfied the exhaustion requirement, the district court should consider: (1) whether the FCDC Defendants forfeited the affirmative defense of failure to exhaust by not asserting it in their Rule 12 motion to dismiss, and, as to Simmons, by failing to raise it at all during the lower court and appellate court proceedings; and (2) whether Johnson's failure to argue that the exhaustion defense was forfeited resulted in Johnson's forfeiture argument itself being forfeited.  We express no opinion on the proper resolution of these issues or any other issues presented in the briefs.

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**