[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13667

Non-Argument Calendar

_____

HENRY MCCONE,

Plaintiff-Appellant,

*versus*

JOHN MARSHALL KEST,
individually and in his official capacities,
KEITH A. CARSTEN,
individually and in his official capacities,
SANDRA WILLIAMS,
individually and in her official capacities,
PITNEY BOWES, INC,
EXELA ENTERPRISE SOLUTIONS, INC.,
f.k.a. Novitex Enterprise Solutions, Inc.,

f.k.a. Pitney Bowes Management Services, Inc., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-01946-CEM-EJK

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Court
Judges.

PER CURIAM:

In 2014, Henry McCone filed an action in Florida circuit court against Pitney Bowes and Elexa Enterprise Solutions, alleging claims of sex discrimination under Florida law. Seven years later, in 2021, Mr. McCone filed a federal action for declaratory and injunctive relief against two Florida circuit judges, the clerk of court for Florida's Fifth District Court of Appeal, Pitney Bowes, and Elexa Enterprises. In his federal action, Mr. McCone alleged claims under 42 U.S.C. § 1983 and Article I, §§ 9 & 21 of the Florida Constitution for violations of his right of access to the courts and his right to due process. All of the claims were based on events or rulings in his pending Florida circuit court action. Mr. McCone requested, among other things, a declaration that a state-court stay

was unconstitutional, an injunction ordering one of the state-court judges not to engage in certain conduct, a declaration that certain judicial rulings were unconstitutional, and a declaration that the Fifth District and its clerk had acted unconstitutionally.

A magistrate judge recommended that McCone's claims be dismissed with prejudice for various reasons. *See* D.E. 57 at 4-9. Mr. McCone filed objections, but the district court overruled the objections and issued an order adopting the magistrate judge's report and dismissing the claims with prejudice. *See* D.E. 61 at 4-10. The magistrate judge and the district court also denied Mr. McCone's post-dismissal motions for disqualification/recusal and to alter and amend the judgment. *See* D.E. 65 & 66.

On appeal, Mr. McCone—who is proceeding *pro se*—raises a number of challenges to the magistrate judge's report and the district court's order of dismissal. He argues (1) that the magistrate judge's report contained several incorrect statements about his complaint; (2) that the magistrate judge's report misapplied *Younger v. Harris*, 401 U.S. 37 (1971); (3) that the magistrate judge's report incorrectly concluded that the complaint failed to allege an inadequate remedy at law; and (4) that the district court erred in dismissing the complaint with prejudice.

With respect to the dismissal of the complaint, the problem for Mr. McCone is that he does not challenge all of the grounds provided by the magistrate judge and adopted by the district court. For example, the magistrate judge explained in his report that even if *Younger* abstention did not apply, Mr. McCone's claims failed on

the merits. The official capacity claims against the state circuit judges and the Fifth District clerk for retrospective declaratory relief were barred by the Eleventh Amendment, and the claims for prospective injunctive relief were barred by absolute judicial immunity. *See* D.E. 57 at 6-7. The claims against Pitney Bowes and Elexa Enterprises failed because nothing in the complaint pertained to those entities. *See id.*

Mr. McCone's brief does not address any of these grounds for dismissal. As a result, we must for the most part affirm. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge at that ground, and it follows that the judgment is due to be affirmed.").

The one exception is the claim for prospective declaratory relief against the state circuit judges and the Fifth District clerk. Mr. McCone argues that the magistrate judge and the district court erred in ruling that his complaint failed to alleged an inadequate remedy at law. *See* D.E. 57 at 7; Appellant's Br. at 19-20. That argument, however, is not persuasive. Although Mr. McCone did allege in conclusory fashion in his complaint that he lacked an adequate remedy at law, those allegations were based on the denial of relief by the Florida courts, and not on the absence of legal remedies or recourse. *See* D.E. 25 at §§ 57 (dismissal without prejudice of a certiorari petition), 67 (Fifth District's denial of a certiorari petition), 84 (Fifth District's denial of a mandamus petition), 146

(Fifth District's denial of a prohibition petition), 170 (Florida circuit court's issuance of a stay), 186 (circuit judge's discovery ruling), 194 (circuit court's delayed ruling on sanctions motion), 202 (incorporating ¶ 126-Fifth District's issuance of an order to show cause), and 209 (circuit court's order requiring the filing of courtesy copies).

In assessing whether an adequate remedy at law exists, "the only pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 430 (1979). Because an adequate remedy at law does not guarantee "a favorable result in the state forum." *Winn v. Cook*, 945 F.3d 1253, 1258 (10t Cir. 2019), Mr. McCone's allegations are insufficient.

All of this leaves Mr. McCone's contention that the magistrate judge and the district court erred in denying his post-judgment motions for disqualification/recusal. Assuming that Mr. McCone's post-judgment motions were timely, we discern no error in their denial. Mr. McCone requested disqualification/recusal based on alleged mistakes committed by the magistrate judge and the district court in ruling on the motions to dismiss his complaint. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and we see nothing in the record which would require deviation from this general rule.

**AFFIRMED.**