[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11380

Non-Argument Calendar

————————————————

REBECCA L. HEIKKA,

Plaintiff-Appellant,

versus

SAFECO INSURANCE COMPANY OF ILLINOIS,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-61885-AHS

————————————————

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

After Safeco Insurance Company of Illinois (Safeco) removed Rebecca Heikka's complaint to federal court, it moved to dismiss the lawsuit as duplicative of another action pending in state court. The district court granted the motion and dismissed the removed action with prejudice. Heikka appeals from the dismissal, and after careful review, we affirm.

## I. BACKGROUND

Heikka and the district court have described the history of these cases as "long and sordid." It began with a 2007 drunk driving accident in which Safeco's insured hit Heikka. Since then, Heikka, Safeco, and Safeco's insured have been litigating this dispute—mostly in state court. We begin with an overview of the four stages in the litigation relevant to this appeal: (1) Heikka's 2007 Original Action, (2) Safeco's 2009 Declaratory Judgment Action, (3) Heikka's 2019 Bad Faith Action, and (4) Heikka's 2021 Bad Faith Action.[1]

---

[1] Heikka has twice moved to supplement the record on appeal. Her first motion to supplement the record was granted, and she filed an amended appellate brief in August 2022. Safeco then filed its response brief. When Heikka filed her reply brief, however, she also moved to further supplement the record with a motion in limine filed by Safeco in May 2022. Safeco opposes further supplementation and asks us to strike the parts of Heikka's reply brief relying on the motion in limine. Heikka did not present the motion in limine with her first motion to supplement nor did she raise the issue in her initial brief.

Shortly after the accident in early 2007, Safeco tendered a check for the insurance policy's liability limit with a proposed release of claims. The parties, however, disagreed about whether they ever reached a settlement on the release. A few months later, Heikka filed the 2007 Original Action in state court against Safeco's insured, alleging one count of negligence. Safeco was not named as a defendant in the Original Action, but it provided legal representation and moved to enforce the settlement as well as for summary judgment for its insured. Following an evidentiary hearing, the state trial court denied those motions in 2008, and proceedings continued in the 2007 Original Action.

A year later, Safeco and its insured filed the 2009 Declaratory Judgment Action as a separate complaint to enforce the purported settlement before a different state trial judge. In 2012, after finding there was no enforceable settlement, the state court entered judgment in favor of Heikka as to the Declaratory Judgment Action.

In 2016, a third state trial judge awarded attorneys' fees to Heikka, finding the Declaratory Judgment Action was not made in

---

*See Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003) (explaining we rarely supplement the record to include material that was not before the district court); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014) (explaining we generally refuse to consider issues raised for the first time in a reply brief). We see no reason to depart from our general rules. Heikka's second motion to supplement is **DENIED**, and Safeco's motion to strike is **GRANTED** to the extent we will not consider the arguments related to the motion in limine.

good faith because "Safeco should not get 'a second bite at the ap-ple'" after the motion to enforce the declaratory judgment in the 2007 Original Complaint had been denied.

Following a jury verdict against Safeco's insured in 2019, the state court entered judgment in favor of Heikka for over $1 million in the 2007 Original Action. The court reserved jurisdiction to al-low Heikka to amend her pleadings to allege bad faith claims.

Heikka filed an amended complaint in the 2007 Original Ac-tion to add a statutory bad faith claim and a common law bad faith claim against Safeco. We will refer to these newly alleged bad faith claims as the 2019 Bad Faith Action. With respect to the common law claim, Heikka alleged Safeco failed to settle her claim against the insured, made misrepresentations to the court in an attempt to defeat the settlement agreement, and engaged in unfair and decep-tive trade practices.

Two years later, Heikka filed the 2021 Bad Faith Action as a new complaint against only Safeco. The 2021 Bad Faith Action al-leged a single claim of common law bad faith and included many of the same allegations as the common law bad faith claim in the 2019 Bad Faith Action. The main difference is found in subpara-graphs I-N, adding allegations specifically identifying the 2009 De-claratory Judgment Action, which Heikka characterized as forum shopping, frivolous, duplicative, and filed in bad faith.

Safeco removed the 2021 Bad Faith Action to federal court and moved to dismiss it. It argued the 2019 Bad Faith Action was still pending in state court and that the 2021 lawsuit was duplica-tive. To the extent Heikka sought to add additional facts to support

her bad faith claim, Safeco asserted she should have sought leave to file another amended complaint in the 2019 Bad Faith Action.

Heikka responded that the 2021 Bad Faith Action brought a bad faith claim related to the filing of the Declaratory Judgment Action, which was a separate cause of action from the bad faith failure-to-settle claim.

The district court agreed with Safeco and dismissed the 2021 Bad Faith Action with prejudice as duplicative. The court explained the proper action would have been to amend the 2019 Bad Faith Action instead of filing a new action based on the same subject matter and against the same party.

## II. DISCUSSION

"Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). "In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction," the Supreme Court has explained a federal court may consider factors such as "the inconvenience of the federal forum," "the desirability of avoiding piecemeal litigation," and "the order in which jurisdiction was obtained by the concurrent forums." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976). Like Florida courts, we have also recognized the claim-splitting doctrine "to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket." *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 843 (11th Cir. 2017); *see,*

e.g., *Dep't of Agric. & Consumer Servs. v. Mid-Fla. Growers*, 570 So. 2d 892, 901 (Fla. 1990). Where, as in this case, the district court's dismissal is based on case management grounds, we review the dismissal for abuse of discretion. *Vanover*, 857 F.3d at 837-38.

The common law bad faith claims in the 2019 Bad Faith Action and 2021 Bad Faith Action involve the same parties—Heikka suing Safeco—and they both arise from Safeco's handling of Heikka's claim against Safeco's insured. *See id.* at 841-42 (setting forth a two-factor test); *cf. Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004) ("In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard."). Given the history of these cases, the district court did not abuse its discretion in dismissing the 2021 Bad Faith Action to save scarce judicial resources. For similar reasons, we are not persuaded by Heikka's argument that her proposed amendments would have saved the 2021 Bad Faith Action from dismissal.

We affirm the district court's dismissal of the 2021 Bad Faith Action and leave any issues related to Safeco's filing of the 2009 Declaratory Judgment Action for the state court.

**AFFIRMED.**