[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13474

_____

SHEILA R. MUNOZ,
RAYMOND MUNOZ,

 Plaintiffs-Appellants,

*versus*

CITIMORTGAGE, INC.,

 Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02311-VMC-AEP

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Sheila R. Munoz and Raymond Munoz jointly sued CitiMortgage, Inc. alleging multiple violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. *See* D.E. 45. According to the Munozes, CitiMortgage violated § 2605(e) and the rules implementing RESPA, *see* 12 C.F.R. §§ 1024.35 and 1024.36, by failing to timely and adequately respond to their Qualified Written Requests ("QWRs"), which set out multiple requests for information and asserted notices of errors regarding the servicing of their mortgage. *See* D.E. 45 at 8–16. The district court granted summary judgment in favor of CitiMortgage and denied the Munozes' partial motion for summary judgment on two independent grounds: (1) CitiMortgage provided an adequate response to the QWR; and (2) the Munozes failed to establish damages. *See* D.E. 72.

Only Ms. Munoz appeals the district court's judgment. Because we have held that damages are an essential element of a RESPA claim and Ms. Munoz does not challenge on appeal the district court's ruling on damages, we affirm.[1]

---

[1] As we write for the parties, we assume their familiarity with the record and set out only what is necessary to explain our decision.

It is well settled that "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). That means that to obtain "reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Id.* Passing references to an issue in a brief, such as "[s]imply stating that an issue exists, without further argument or discussion, isn't enough." *Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1299 (11th Cir. 2019) (citation and internal quotation marks omitted). *See also Sapuppo*, 739 F.3d at 681 ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

We have held that damages are an essential element of a RESPA claim. *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) ("We join our sister Circuits in recognizing that damages are an essential element in pleading a RESPA claim."). Here, the district court determined that the Munozes had not established damages because the alleged damages were either unproven, unrecoverable, or lacked the necessary causal link. *See* D.E. 72 at 26–33. Based, in part, on this failure, the district court granted summary judgment against the Munozes. And this failure alone provided the district court with a sufficient, independent basis for granting summary judgment in favor of CitiMortgage. *See*

*Baez v. Specialized Loan Servicing, LLC*, 709 F. App'x 979, 984 (11th Cir. 2017) (affirming summary judgment in favor of loan servicer where the appellant "failed to establish sufficient competent evidence of actual damages [ ] as a result of [the loan servicer's] failure to comply with RESPA") (internal quotation marks omitted). *See also Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 720–21 (8th Cir. 2018) (reversing the district court's grant of summary judgment for appellant and remanding with instructions to enter summary judgment for the loan servicer where appellant "did not present evidence of damages resulting from [the loan servicer's] failures to comply with RESPA"); *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013) (affirming dismissal of § 2605(e) claim because complaint did not plausibly allege damages).

In her brief, Ms. Munoz challenges only the district court's ruling on the adequacy of CitiMortgage's responses. She does not provide any argument or legal support to challenge the district court's independent ruling on damages. *See* Br. for Appellant at 11–46. This failure is fatal to her appeal under *Sapuppo*, 739 F.3d at 680.

Ms. Munoz states in conclusory form that "[t]he district court's reasons for finding that [the] Munozes[ ] did not establish their damages is [ ] the result of ignoring the undisputed facts and misconstruing the applicable law." Br. for Appellant at 40. But she does not state what "undisputed facts" and "applicable law" she contends are relevant to our analysis nor does she provide any legal

argument to convince us that the district court "misconstru[ed] the applicable law." *Id.* Simply stating that the district court did something wrong without any argument or legal authority to support the alleged error is not enough. *See Dear*, 933 F.3d at 1299.[2]

We affirm the district court's order granting CitiMortgage's motion for summary judgment and denying the Munozes' partial motion for summary judgment.

**AFFIRMED.**

---

[2] As a reason for her failure to challenge the district court's ruling on damages, Ms. Munoz states that the "[p]age limits don't allow space to explain the errors." Br. for Appellant at 40. But she certified that her brief contained only 11,063 words. *See id.* at 47. This number is well under the 13,000-word limit provided under the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 32(a)(7)(B)(i).