[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10191

Non-Argument Calendar

_____

ANITA C. COOKE,

Plaintiff-Appellant,

*versus*

SGT. RANDY DUANE BRASHEARS,
OFFICER KENDARIOUS MAYFIELD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-04680-ELR

_____

Before JORDAN, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Anita C. Cooke appeals the district court's grant of the motion to dismiss based on qualified immunity filed by Sergeant Randy Duane Brashears and Officer Kendarious Mayfield, in her lawsuit alleging false arrest and malicious prosecution under 42 U.S.C. § 1983. Cooke asserts the district court erred in concluding arguable probable cause existed to (1) make a warrantless arrest of her; and (2) support an arrest application for her. After review,[1] we affirm the district court.

Cooke asserts Brashears and Mayfield arrested and prosecuted her based on the changing story of a minor, A.W., even though A.W. "was lying through his teeth when speaking to" Brashears and Mayfield, such that "[a]ny reasonable police officer would or should have spotted these lies instantly," and not relied on A.W.'s statements.

As to false arrest, Cooke alleges Brashears and Mayfield violated her Fourth Amendment rights when they arrested her. Brashears and Mayfield contend qualified immunity shields them

---

[1] We review the district court's grant of a motion to dismiss based on qualified immunity *de novo*. *Chandler v. Sec. of Fla. Dept. of Transp.*, 695 F.3d 1194, 1198 (11th Cir. 2012).

from this claim because they had probable cause, or at least arguable probable cause, to arrest Cooke for the crimes charged.

To survive a motion to dismiss,[2] Cooke must have alleged sufficient facts to support a finding of a constitutional violation of a clearly established law. *Chandler v. Sec. of Fla. Dept. of Transp.*, 695 F.3d 1194, 1198 (11th Cir. 2012). In the context of an arrest, probable cause exists "when the facts, considering the totality of the circumstances and viewed from the perspective of a reasonable officer, establish 'a probability or substantial chance of criminal activity.'" *Washington v. Howard*, 25 F.4th 891, 898 (11th Cir. 2022) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018)). In assessing whether there was probable cause for an arrest, we "ask whether a reasonable officer could conclude that there was a substantial chance of criminal activity." *Id.* at 902 (quotation marks and alteration omitted). "Probable cause does not require conclusive evidence and is not a high bar." *Id.* at 899 (quotation marks omitted). "[A]rresting officers, in deciding whether probable cause exists, are not required to sift through conflicting evidence or resolve issues of credibility, so long as the totality of the circumstances present a sufficient basis for believing that an offense has been committed. Nor does probable cause require certainty on the part of the police." *Dahl v. Holley*, 312 F.3d 1228, 1234 (11th Cir. 2002), *abrogated on other grounds by Lozman v. City of Riviera Beach*, 138 S. Ct. 1945, 1955 (2018).

---

[2] Cooke does not dispute that Brashears and Mayfield were engaged in a discretionary function.

To determine whether there was probable cause for Cooke's arrest, we ask whether a reasonable officer could have concluded there was a substantial chance she had committed the crimes of hijacking a motor vehicle, in violation of O.C.G.A. § 16-5-44.1, kidnapping in violation of O.C.G.A. § 16-5-40, aggravated assault in violation of O.C.G.A § 16-5-21, and cruelty to children in the third degree in violation of O.C.G.A. § 16-5-70(d).

"A person commits the offense of hijacking a motor vehicle in the first degree when such person, while in possession of a firearm or weapon obtains a motor vehicle from an individual . . . by force or intimidation." O.C.G.A. § 16-5-44.1(b)(1). "A person commits the offense of kidnapping when such person abducts or steals away another person without lawful authority or warrant and holds such other person against his or her will." O.C.G.A. § 16-5-40(a). "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon . . . which, when used offensively against a person, is likely to . . . result in serious bodily injury." O.C.G.A. § 16-5-21(a)(2). A person commits the offense of cruelty to children when, "[s]uch person, who is the primary aggressor, intentionally allows a child under the age of 18 to witness the commission of a forcible felony, battery, or family violence battery." O.C.G.A.§ 16-5-70(d).

According to Cooke's own allegations, she was driving a stolen truck with her pistol on the dashboard and A.W., a minor, in the backseat when she first made contact with Mayfield. When Mayfield questioned A.W. regarding who owned the vehicle, A.W.

23-10191                Opinion of the Court                5

"gave conflicting answers" but eventually reported the truck belonged to his father.  At no point did A.W. suggest the truck belonged to Cooke.  While Cooke was talking to Mayfield, another officer reported to Mayfield that the truck had been reported stolen.  Cooke's allegations state while A.W. originally stated his brother had willingly given Cooke keys to the truck, A.W. later stated "Cooke had taken the truck at gunpoint," and accused Cooke of "pressing the barrel of her gun against his neck as she was driving him around the complex," as well as "cocking the hammer back on her pistol, threatening to shoot him."  Although Cooke's version of the facts is different, the officers were not required to sift through conflicting evidence or resolve issues of credibility at the time of the arrest, so long as the totality of the circumstances presented a sufficient basis for believing that an offense had been committed.  *See Dahl*, 312 F.3d at 1234.  These allegations are enough to establish probable cause for hijacking a motor vehicle, kidnapping, aggravated assault, and cruelty to children.  Accordingly, the district court did not err in granting the motion to dismiss on the false arrest claim.

As to malicious prosecution, to allege a claim for malicious prosecution, Cooke must first allege she suffered a seizure pursuant to legal process that violated the Fourth Amendment.  *Laskar v. Hurd*, 972 F.3d 1278, 1284 (11th Cir. 2020).  Because the existence of "[p]robable cause renders a seizure pursuant to legal process reasonable under the Fourth Amendment[,] … the presence of probable cause defeats a claim that an individual was seized pursuant to legal process in violation of the Fourth Amendment." *Washington,*

25 F.4th at 898 (11th Cir. 2022) (quotation marks omitted).  The existence of probable cause to arrest Cooke for hijacking a motor vehicle, kidnapping, aggravated assault, and cruelty to children defeats Cooke's malicious prosecution claim.  Accordingly, the district court did not err in granting the motion to dismiss on this claim.

The district court did not err in dismissing Cooke's complaint based on Brashears' and Mayfield's entitlement to qualified immunity.  We affirm.[3]

**AFFIRMED.**

---

[3] The district court also dismissed Cooke's state law claims, but Cooke does not appeal the dismissal of those claims in her brief.  Thus, those claims are abandoned.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).