[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12760

Non-Argument Calendar

_____

HOLLY RUFFOLO,

Plaintiff-Appellant,

*versus*

HALIFAX HEALTH, INC.,
HALIFAX HEALTHCARE SYSTEMS, INC.,
PATIENT BUSINESS & FINANCIAL SERVICES, INC.,
DAYTONA AREA SENIOR SERVIES, INC.,
d.b.a. Halifax Health Care at Home,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00871-RBD-DCI

_____

Before JORDAN, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Holly Ruffolo appeals the district court's grant of summary judgment in her federal False Claims Act and Florida False Claims Act retaliation case. Although the procedural history of this case is more complex, a simplified version is that Ruffolo had filed a qui tam case alleging violations of the federal False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq. and the Florida False Claims Act ("FFCA"), Fla. Stat. § 68.082, et seq. that included retaliation claims against Halifax Health, Inc., Halifax Healthcare Systems, Inc., Patient Business & Financial Services, Inc., and Daytona Area Senior Services, Inc. (collectively "Halifax"). She subsequently voluntarily dismissed the false claims counts and amended her complaint, leaving only the federal retaliation claims. Halifax moved for summary judgment, which the district court granted. Halifax had moved for judgment on the alternative grounds: (1) that Ruffolo failed to show that she had engaged n protected activity, as required by the FCA, relying on *Hickman v. Spirit of Athens, Ala., Inc.*, 985 F.3d 1284, 1287 (11th Cir. 2021); and (2) that Halifax had legitimate business reasons for firing Ruffolo. The district court granted summary judgment, relying only on the first ground and did not address the second ground. Ruffolo appeals.

We review a grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party and resolving reasonable inferences in her favor. *Al-Rayes v. Willingham*, 914 F.3d 1302, 1306 (11th Cir. 2019). We may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court. *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

Under the FCA, entities are "prohibited [from] making false claims for payment to the United States." *Hickman*, 985 F.3d at 1287 (quotations omitted). Additionally, the FCA allows private plaintiffs "with knowledge of false claims against the government" to file "qui tam" actions—recovery lawsuits brought on the government's behalf. *Id.* at 1287–88; *see also* 31 U.S.C. § 3730(b). The FCA also creates a private right of action for an individual whose employer retaliates against her for participating in an FCA action or in response to other efforts the employee engages in to oppose a violation of the FCA. *Id.* § 3730(h)(1); *see Hickman*, 985 F.3d at 1287–88.

In an FCA retaliation case, as in a Title VII retaliation case, a plaintiff begins by showing that "(1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997). After these elements are established, the defendant has the burden of producing a legitimate, non-discriminatory reason for the challenged employment action. *See, e.g.,*

*Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir.1997).  If such a reason is produced, a plaintiff then has the ultimate burden of proving the reason to be a pretext for unlawful discrimination. *Id.* at 1565.

To avoid a summary judgment, an employee must establish a genuine dispute of material fact that the employer's reason is pretextual.  *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 921 (11th Cir. 1993).  "To prove that an employer's explanation is pretextual, an employee must cast enough doubt on its veracity that a reasonable factfinder could find it 'unworthy of credence.'" *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307 (quoting *Gogel v. Kia Motors Manuf. of Ga., Inc.*, 967 F.3d 1121, 1136 (11th Cir. 2020) (en banc) (citation and internal quotation marks omitted)).  The employee must address "that reason head on and rebut it" if the employer's stated reason is legitimate, i.e. one that might motivate a reasonable employer.  *Patterson v. Ga. Pac., LLC*, 38 F.4th 1336, 1352 (11th Cir. 2022) (citation and internal quotation marks omitted).  An employee cannot rebut a reason "by simply quarreling with the wisdom of " it.  *Id.* (citation and internal quotation marks omitted).  Rather, she must point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the justification.  *Id.* (citation omitted).

Here, the district court did not decide the case on the grounds that Ruffolo could not show that Halifax's reason for firing her was pretextual.  However, Halifax raised this issue in the

district court, and raises it again on appeal, and we may affirm on any ground supported by the record. *Kernel Recs. Oy*, 694 F.3d at 1309.[1]

Halifax fired Ruffolo after Michael Morrissey, a manager for Halifax's clinical team, called Ruffolo's manager, Maryjo Allen, to ask if she had requested that Ruffolo place an order for N-95 face masks and surgical gowns totaling almost $900,000. Morrissey had received the invoice from vendor Medline (a regular vendor for Halifax); because of the amount involved, the Medline system automatically sent it to Morrissey for approval. Ruffolo had submitted the order via Halifax's Medline software system, using her Halifax-issued username and password. Halifax placed Ruffolo on administrative leave and began an investigation. During the investigation, Allen interviewed Ruffolo's office mate, Jenn Burda. Burda reported that she had overheard Ruffolo discussing a plan to order the supplies through Medline and that Ruffolo told her there was "money to be made" in the PPE transaction. Allen also reviewed Ruffolo's work email, which included emails with Ruffolo's uncle about the order, contrary to Halifax's requirement that the email was to be used for work-related correspondence only. Based on her investigation, Allen concluded that Ruffolo was working with her uncle to purchase PPE and sell it to China during the pandemic;

---

[1] We note that Ruffolo does not assert on appeal any claim that Halifax should be held liable for transferring and demoting her prior to terminating her. Accordingly, any such claim is abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Ruffolo was using her connection with Medline and Halifax's system to do so.  Halifax promptly fired Ruffolo.

On appeal, Ruffolo argues that the timing of the investigation of her mileage and a reimbursement check were suspicious. She argues that after those investigations, Halifax was merely biding its time until it could find a reason to get rid of her.  Because Halifax's asserted legitimate business reason for firing Ruffolo—i.e. its belief that she had used her connection with Halifax, its relationship with the vendor, its email system, and its online ordering system to order products for the benefit of a third party and not Halifax—would certainly motivate a rational employer to terminate the employee, Ruffolo bore the burden of proving that Halifax's proffered reason was a pretext and the real reason for her termination was retaliation against her for reporting to Allen about possible false claims under the FCA.[2]  In light of Burda's testimony and the corroborating emails and the serious nature of conduct attributed to Ruffolo, we cannot conclude that there is a genuine issue of fact about Halifax's honest belief[3] in its asserted reason for terminating Ruffolo.  We conclude that Ruffolo has not satisfied

---

[2] We can assume arguendo, but we expressly do not decide, that Ruffolo did engage in protected activity as required by the FCA.  We need not decide that issue because summary judgement against Ruffolo was appropriate in any event on the basis of this pretext issue.

[3] Ruffolo's conclusory challenge to the credibility of Burda does not undermine the lack of a genuine issue of fact about Halifax's honest belief.

her burden of proving pretext.  Accordingly, summary judgement for Halifax was appropriate.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.