**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-12054

Non-Argument Calendar

————————————————

DANIEL THOMAS ADAMS,

*Plaintiff-Appellant,*

*versus*

BRENDA D. FORMAN,

OFFICE OF THE CLERK OF COURT,

Broward County,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 0:24-cv-60518-KMW

————————————————

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Adams, proceeding pro se, appeals the district court's dismissal of his complaint brought under 42 U.S.C. § 1983 and Florida state law. The district court dismissed his complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to pay an initial partial filing fee by a court-imposed deadline.

We review a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Rule 41(b) of the Federal Rules of Civil Procedure states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Inherent in a district court's authority to enforce its own orders and promptly dispose of the cases on its docket is the court's power to dismiss a plaintiff's complaint. *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025). A court may dismiss claims under Rule 41(b) with or without prejudice. *See* Fed. R. Civ. Pro. 41(b).

When a district court orders dismissal on more than one independent ground, a party who appeals that order must demonstrate that "every stated ground for judgment against [him] is incorrect." *Buckley v. Sec'y of Army*, 97 F.4th 784, 800 (11th Cir. 2024). If a party does not challenge one or more bases for the district court's ruling, he has abandoned his appeal of that ruling. *Id.* A party "abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting

24-12054                    Opinion of the Court                    3

arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Upon careful review of the district court's order and upon consideration of the parties' briefs, we note that Adams has made only a passing reference to the district court's dismissal of his case for his failure to pay the filing fee. Therefore, he has abandoned the issue on appeal. Because Adams has failed to challenge all the district court's bases for dismissing his case, he cannot demonstrate that dismissal was improper.

AFFIRMED.