**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14146

_____

JOEL KENNAMER,

*Plaintiff-Appellant,*

*versus*

CITY OF GUNTERSVILLE, ALABAMA,
LEIGH DOLLAR,
LAKESIDE INVESTMENTS, LLC,
LAWLER HOTELS, LLC,
PATRICK LAWLER,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:24-cv-00647-RDP

_____

2                    Opinion of the Court                 24-14146

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

Joel Kennamer sued the City of Guntersville, Alabama, Mayor Leigh Dollar, Patrick Lawler, Lakeside Investments, LLC, and Lawler Hotels. He asserted a number of federal and state law claims arising from the City's 2019 lease and 2023 conveyance of parcels of land to Mr. Lawler and his two entities. The district court dismissed all of the claims under Rule 12(b)(6), and Mr. Kennamer now appeals.

For the reasons which follow, we affirm. Because we write for the parties, we assume their familiarity with the procedural history and the allegations in the complaint, and set out only what is necessary to explain our decision.[1]

Generally speaking, the question is whether Mr. Kennamer set out sufficient factual allegations to make his claims plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But also relevant to our analysis is that the Alabama Supreme Court rejected some of Mr. Kennamer's state-law challenges to the 2019 transaction, including a claim that the City's actions were not authorized by Ala. Code § 35-4-410, which requires a referendum of voters before a municipality alienates public parks. *See Kennamer v. City of Guntersville*, 315 So.3d 1090, 1105 (Ala. 2020) (holding that the City's

---

[1] As to any issues not discussed, we summarily affirm.

actions were lawful under Article IV, § 94.01 of the Alabama Constitution, and as a result the City's alleged non-compliance with certain state laws was irrelevant).

As an initial matter, we agree with Mr. Kennamer that he has standing at the Rule 12(b)(6) stage as a municipal taxpayer. That is because he has alleged a misuse of municipal funds. *See Pelphrey v. Cobb County*, 547 F.3d 1263, 1280 (11th Cir. 2008). And we assume without deciding that the Lawler defendants can be characterized as state actors. So we move on to the merits.

First, we reject Mr. Kennamer's contention that the Alabama Supreme Court misinterpreted § 94.01. That tribunal is the ultimate expositor of state law, and we are not at liberty to question its pronouncements. *See, e.g., Bolender v. Singletary*, 16 F.3d 1547, 1571 (11th Cir. 1994) (explaining that "we will not second-guess the state courts on a matter of state law") (internal quotation marks and citation omitted). For the same reason, we are not persuaded by Mr. Kennamer's assertion that, contrary to the decision of the Alabama Supreme Court, § 94.01 does not apply because the parcels of land were being used by the public.

Second, as to all federal claims related to the 2019 transaction, we agree with the district court that they are time-barred. Under 42 U.S.C. § 1983, the applicable (and borrowed) statute of limitations is two years, the period set for personal injury/tort actions in Alabama. *See* Ala. Code § 6-2-38; *McNair v. Allen*, 515 F.3d 1168,

4                    Opinion of the Court                    24-14146

1173 (11th Cir. 2008).  Mr. Kennamer did not file this suit until 2024, more than two years after the 2019 transaction.[2]

Third, we find no merit in Mr. Kennamer's argument that City Ordinance No. 1134—which deemed the parcels to be surplus property that would not serve a public purpose—is unconstitutional, both facially and as applied.  Mr. Kennamer says that the Ordinance was passed without a "meaningful hearing," but he does not explain in his brief what he means by that language or what constitutional right was violated.

Fourth, we conclude that the district court correctly dismissed Mr. Kennamer's ultra vires claim under state law.  In his brief, Mr. Kennamer argues that the City proceeded ultra vires because § 94.01 did not authorize its actions.  But that argument was rejected as a matter of state law as to the 2019 transaction by the Alabama Supreme Court.  315 So.3d at 1105.  It is difficult to see why the 2023 transaction should be treated differently.

Fifth, we agree with the district court that the breach of trust claim fails as a matter of law.  Mr. Kennamer has failed to cite any Alabama law which makes him a beneficiary of a public trust consisting of the parcels of land at issue here.

Sixth, the conspiracy claim under 42 U.S.C. § 1985(3) was properly dismissed.  Mr. Kennamer does not allege any class-based

---

[2] We do not discuss the 2019-based claims further.

or racial discriminatory animus.  *See Bray v. Alexandria Women's Clinic*, 506 U.S. 263, 267–68 (1993).

Finally, Mr. Kennamer is wrong in claiming that the City's failure to hold a referendum constituted a due process violation. As a matter of state law, the City was not required to hold a referendum given the language of § 94.01, 315 So.3d at 1105, and Mr. Kennamer has failed to challenge the district court's ruling that a person is "not entitled to procedural due process above and beyond that which already is provided by the legislative process." *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

**AFFIRMED.**